**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Wali RAHMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 11, 2013.

Filed June 24, 2013.

Michael Coard, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney and Alison J. Guest, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., WECHT, J., and COLVILLE, J.*

OPINION BY STEVENS, P.J.

This is an appeal from the judgment of sentence entered by the Court of Common Pleas after Appellant Wali Rahman was convicted of aggravated assault,[1] simple assault,[2] recklessly endangering another person (REAP),[3] resisting arrest,[4] and disorderly conduct.[5] Appellant challenges the sufficiency of the evidence supporting his convictions and claims the trial court erred in consolidating his trial with that of his co-defendant Moses Franklin.[6] We affirm.

On March 19, 2009, Philadelphia City Council convened at City Hall for their weekly meeting. Sergeant Pedro Rosario, Chief Sergeant-at-Arms, was on duty at the Council meeting when he heard a commotion going on in the balcony that overlooks the Council chambers. When Sergeant Rosario reached the balcony, he encountered Appellant, co-defendant Franklin, and several other individuals, who were yelling so loud that they disrupted the Council meeting. Sergeant Rosario observed the President of the Council stop the meeting by banging his gavel in an attempt to bring order among the noisy crowd. At every entrance of the balcony, there were notices posted that informed citizens of behavior deemed inappropriate for City Council meetings. For the benefit of other spectators, attendees at City Council meetings may not stand up and hold signs.

When Sergeant Rosario approached Appellant and Franklin, he asked them to quiet down to allow the meeting to continue and informed the men that they would be escorted out of the building if they continued to disrupt the meeting. Appellant, Franklin, and their group of friends ignored Sergeant Rosario's requests and Appellant encouraged the crowd to stand up and make more noise. Sergeant Rosario indicated that he was concerned because the crowd was standing very close to the balcony's glass divide, where the public is not allowed to stand for safety reasons.

Sergeant Rosario directed Sergeant Derek Grant, a civil affairs police officer, to help him control the crowd on the balcony. After Sergeant Grant identified himself as a police officer and asked Appellant to leave the balcony several times, Sergeant Grant took the sign that Appellant was holding. In response, Appellant shoved Sergeant Grant with both hands, pushing him back several feet. Appellant then threw several punches at Sergeant

---

* Retired Senior Judge assigned to the Superior Court.

1. 18 Pa.C.S.A. § 2702(a)(3).

2. 18 Pa.C.S.A. § 2701(a)(1).

3. 18 Pa.C.S.A. § 2705(a).

4. 18 Pa.C.S.A. § 5104.

5. 18 Pa.C.S.A. § 5503(a)(1).

6. Appellant's co-defendant, Moses Franklin (a.k.a. Franklin Moses), also filed an appeal with this Court. We have addressed the merits of Franklin's appeal in a separate opinion docketed at 541 EDA 2011.

Grant and continued to swing at the other officers. With the assistance of other officers, Sergeant Grant was able to place Appellant under arrest. As a result of his struggle with Appellant, Sergeant Grant sustained injuries to his left rib and his right shoulder, which required him to be out of work for approximately two months.

Appellant was charged in connection with this incident and proceeded to a bench trial which was held on August 24, 2010. The trial court convicted Appellant of aggravated assault, simple assault, REAP, disorderly conduct, and resisting arrest. On October 13, 2010, the trial court sentenced Appellant to two years probation. Appellant filed a timely post-sentence motion, which was denied by operation of law on February 28, 2012. This timely appeal followed.

Appellant raises the following issues for our review on appeal:

1. In regard to the Aggravated Assault conviction, was there insufficient evidence as a matter of law concerning the *mens rea* required for the causing of "bodily injury"?

2. In regard to the Simple Assault conviction, was there insufficient evidence as a matter of law concerning the *mens rea* required for the causing of "bodily injury"?

3. In regard to the Recklessly Endangering Another Person conviction, was there insufficient evidence as a matter of law because Appellant did not initiate or escalate the physical altercation?

4. In regard to the Disorderly Conduct conviction, was there insufficient evidence as a matter of law that Appellant had the specific "intent to cause public inconvenience, annoyance, or alarm" or that he "recklessly created a risk thereof"?

5. In regard to the Resisting Arrest conviction, was there insufficient evidence as a matter of law that the underlying arrest or discharged duty was "lawful"?

6. Did the consolidation of Appellant's trial with Moses Franklin ... —who was not tried as a coconspirator— constitute reversible error in that the introduction of the purported "Moses Franklin protest videotape" as evidence against Appellant was without proper foundation as having been recorded from the internet or by some other non-testifying hence non-verifying source?

Appellant's Brief at 5 (renumbered for our review).

We are guided by the following standard of review when presented with a challenge to the sufficiency of the evidence supporting a defendant's conviction:

As a general matter, our standard of review of sufficiency claims requires that we evaluate the record "in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." *Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745, 751 (2000). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Commonwealth v. Brewer*, 876 A.2d 1029, 1032 (Pa.Super.2005). Nevertheless, "the Commonwealth need not establish guilt to a mathematical certainty." *Id.; see also Commonwealth v. Aguado*, 760 A.2d 1181, 1185 (Pa.Super.2000) ("[T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence"). Any doubt about the defen-

dant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. *See Commonwealth v. DiStefano,* 782 A.2d 574, 582 (Pa.Super.2001).

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. *See Brewer,* 876 A.2d at 1032. Accordingly, "[t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence." *Id.* (quoting *Commonwealth v. Murphy,* 795 A.2d 1025, 1038–39 (Pa.Super.2002)). Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld. *See Brewer,* 876 A.2d at 1032.

*Commonwealth v. Pettyjohn,* 64 A.3d 1072, 2013 PA Super 49 (Pa.Super.2013) (citations omitted).

██ In his first two claims challenging the sufficiency of the evidence supporting his convictions for simple assault and aggravated assault, Appellant contends the Commonwealth failed to prove he exhibited the requisite *mens rea* for each offense. As Appellant's argument is nearly identical for both convictions, we will address these issues together. To sustain a conviction for simple assault, the Commonwealth may show that the defendant "attempt[ed] to cause or intentionally, knowingly, or recklessly cause[d] bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). A defendant may be convicted of aggravated assault under Subsection 2702(a)(3) of the Crimes Code if he "attempt[ed] to cause or intentionally or knowingly causes bodily injury to [an] officer[ ] ... in the performance of duty."[7] 18 Pa.C.S.A. § 2702(a)(3). Bodily injury is defined as "impairment of physical condition or substantial pain." 18 Pa. C.S.A. § 2301.

This Court has discussed how a defendant's assault on a police officer may warrant both a conviction of simple assault under section 2701(a)(1) and a conviction of aggravated assault under Section 2702(a)(3):

[L]ogically speaking, a simple assault committed against a police officer in the performance of his duties would satisfy the elements of § 2702(a)(3). The only differences between assaults under § 2701(a)(1) and § 2702(a)(3) are that the latter applies when the assault is committed upon one of the persons enumerated in § 2702(c) in the performance of their duties and the latter does not allow for a *mens rea* of recklessness. Consequently, for purposes of defining the bodily injury component of these provisions, whether the assault is characterized as "simple" or "aggravated" has no bearing on our interpretation. ***Calling a simple assault upon a police officer aggravated merely reflects the legislature's intent to punish this assault more severely than one committed upon a layperson, which is accomplished by grading the offense as a felony of the second degree rather than a misdemeanor of the second degree.*** *Cf.* 18 Pa.C.S.A. §§ 2701(b) and 2702(b).
J–S18002–13

---

7. Subsection 2702(a)(3) not only applies to the assault of police officers, but also firefighters, probation/parole officers, sheriffs, prison authorities, judges, and numerous other public servants enumerated in Section 2702(c).

*Commonwealth v. Marti,* 779 A.2d 1177, 1182–83 (Pa.Super.2001) (emphasis added).

In *Commonwealth v. Brown,* 23 A.3d 544 (Pa.Super.2011), a defendant raised a similar challenge to his conviction for aggravated assault under Section 2702(a)(3) by claiming he did not intentionally cause an officer bodily injury in resisting the officer's attempts to handcuff him. This Court upheld the defendant's conviction as the evidence showed the defendant attempted to cause the officer bodily injury by wildly flailing his arms, throwing the officer to the ground, and striking him repeatedly in the arm, shoulder, and mouth. *Id.* at 560–61. This Court recognized that "in a prosecution for aggravated assault on a police officer[,] the Commonwealth has no obligation to establish that the officer actually suffered a bodily injury; rather, the Commonwealth must establish only an *attempt* to inflict bodily injury, and this intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury." *Id.* at 560 (citing *Marti,* 779 A.2d at 1183) (emphasis in original). This Court found the jury could reasonably infer that the defendant intended to cause the officer bodily injury when he responded violently to the officer's attempt to arrest him. *Id.*

Likewise, in this case, the Commonwealth presented sufficient evidence to show that Appellant attempted to cause Sergeant Grant bodily injury. After Appellant ignored the officers' repeated requests to quiet down and refused to leave with Sergeant Grant in a peaceful manner, Sergeant Grant attempted to take Appellant's sign, which was blocking the view of the audience behind Appellant. Appellant became infuriated and proceeded to shove Sergeant Grant backwards with both hands and punch him several times. As Sergeant Grant struggled with Appellant, officers came to assist him in placing Appellant under arrest. In his scuffle with Appellant, Sergeant Grant sustained bruises to his left rib and a sprained right shoulder that required him to be out of work for two months. Appellant's violent behavior clearly demonstrates that Appellant intended to cause Sergeant Grant bodily injury. Accordingly, this evidence was sufficient to convict Appellant of both simple assault under Section 2701(a)(1) and aggravated assault of a police officer under Section 2702(a)(3).

Next, Appellant claims there was insufficient evidence to support his recklessly endangering another person (REAP) conviction as the Commonwealth "never presented any evidence that Appellant initiated the physical altercation ..., but it was the law enforcement officers who.... initiated the physical contact by putting their hands on him and his property." Appellant's Brief, at 10. To sustain a conviction for REAP, the Commonwealth must show the accused "recklessly engage[d] in conduct which place[d] or may [have] place[d] another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. Serious bodily injury is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

Our review of the record reveals that Appellant's reckless actions placed Sergeant Grant in danger of serious bodily injury. After Sergeant Grant and other officials repeatedly asked Appellant and his friends to quiet down and asked them to leave when they refused to comply, Appellant responded by throwing punches at Sergeant Grant on a stairwell on a crowded balcony next to a glass divide. Appellant's physical aggression easily could have caused Sergeant Grant to lose his footing and fall down the stairs near

the edge of the fourth floor balcony. There is no merit to Appellant's bald assertion that he was justified in physically assaulting Sergeant Grant when the officers confiscated Appellant's sign and attempted to escort him from the balcony. Accordingly, we find sufficient evidence to support Appellant's conviction for REAP.

■ Next, Appellant contends there was insufficient evidence to support his disorderly conduct conviction which was graded as a third-degree misdemeanor. Appellant was convicted under Subsection 5503(a)(1) of the Crimes Code which provides that "[a] person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he ... engages in fighting or threatening, or in violent or tumultuous behavior." 18 Pa. C.S.A. § 5503(a)(1). With respect to the grading of the offense, a disorderly conduct charge is a misdemeanor of the third degree "if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a summary offense." 18 Pa.C.S.A. § 5503(b). *See Commonwealth v. Fedorek,* 596 Pa. 475, 490, 946 A.2d 93, 102 (2008) (finding Fedorek intended to cause substantial harm to the victim when she observed her brother in a verbal altercation with the victim and encouraged her brother to hurt the victim).

Appellant specifically claims the Commonwealth did not show he had "intent to cause public inconvenience, annoyance, or alarm" or "recklessly created a risk thereof." Appellant's Brief, at 14. He alleges he was "merely exercising his free speech right, his free assembly right, and his petitioning of the government right, all pursuant to the First Amendment of the United States Constitution and to Article I, Sec-

tion 7 of the Pennsylvania Constitution." *Id.* We note "[i]ntent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." *Commonwealth v. Faulk,* 928 A.2d 1061, 1070 (Pa.Super.2007) (citation omitted), *appeal denied,* 596 Pa. 715, 944 A.2d 756 (2008).

The circumstances in this case support the finding that Appellant intended to cause substantial harm or serious inconvenience when he assaulted Sergeant Grant. Despite being warned by officers that they would be escorted from City Hall, Appellant and Franklin continued their loud and boisterous behavior without regard for any of the other spectators seated in the balcony. When Sergeant Grant attempted to take Appellant's sign, Appellant escalated his aggression to physically attacking Sergeant Grant on the steps of a balcony crowded with spectators at a Council meeting at City Hall. Several officers came to assist Sergeant Grant in placing Appellant under arrest and Appellant continued to swing at the officers. The trial court found that Appellant's intentional physical aggression resulted in inconvenience, annoyance, and alarm through the entire room, which included both the chamber floor and the balcony. The commotion Appellant made disrupted the actual Council meeting such that the Council president stopped the meeting to ensure that the disturbance in the balcony was resolved. As Appellant's violent and tumultuous behavior shows he intended to cause substantial harm and serious inconvenience, there was sufficient evidence to support his disorderly conduct conviction under Subsection 5503(a)(1).

■ In addition, Appellant challenges the sufficiency of the evidence supporting his resisting arrest conviction. A defendant may be convicted of resisting arrest if he, "with the intent of preventing

a public servant from effecting a lawful arrest or discharging any other duty, ... creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S.A. § 5104. Appellant concedes that he did resist Sergeant Grant's attempts to place him in custody, but argues that the underlying arrest was not lawful. Appellant's brief at 7. Our Supreme Court has established that a lawful arrest is an element of the crime of resisting arrest. *Commonwealth v. Jackson*, 592 Pa. 232, 236, 924 A.2d 618, 620 (2007). Further, "the lawfulness of an arrest depends on the existence of probable cause to arrest the defendant." *Id.*

There is no question that Sergeant Grant lawfully arrested Appellant in light of his violent and tumultuous conduct. As noted above, when Sergeant Grant attempted to confiscate Appellant's sign, Appellant responded by pushing the officer backward and throwing punches at him. Appellant's behavior clearly gave Sergeant Grant probable cause to arrest Appellant for disorderly conduct, simple assault, and aggravated assault on a police officer. The trial court did not err in finding there was sufficient evidence to support Appellant's resisting arrest conviction.

▪ Lastly, Appellant claims that the trial court erred in consolidating his trial with his co-defendant Moses Franklin's trial. He also argues that the Commonwealth should not have been allowed to introduce a videotape of the altercation without establishing proper foundation. Beyond these assertions, Appellant offers no other explanation, authority, or analysis for these claims. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that

claim is waived." *Commonwealth v. Wilgus*, 615 Pa. 32, 40 A.3d 1201, 1205 (2012) (citing *Commonwealth v. Johnson*, 604 Pa. 176, 985 A.2d 915, 924 (2009)). Accordingly, we find these issues to be waived for lack of development.

For the foregoing reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed