J-S43023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT MOORE III | |
| Appellant | No. 2660 EDA 2014 |

Appeal from the Judgment of Sentence August 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010920-2012

BEFORE:  GANTMAN, P.J., PANELLA, J., and OLSON, J.

MEMORANDUM BY PANELLA, J.:                **FILED SEPTEMBER 28, 2015**

Appellant, Robert Moore III, appeals from the judgment of sentence entered August 14, 2014, in the Court of Common Pleas of Philadelphia County.  We affirm.

The trial court summarized the pertinent facts of this case as follows.

> Barrington Rhoden (Rhoden) testified that on June 27, 2012, at about 9:50 AM, he was working as a SEPTA bus driver at 4th and Market Streets.  [Appellant] boarded the bus, but did not pay his fare.  Mr. Rhoden closed the doors to the bus and started to proceed into traffic.  At [that] point [Appellant] made a hard tap on Rhoden's shoulder, and as Rhoden looked around, [Appellant] started to choke Rhoden with his right arm, while pulling back on Rhoden's head with his left hand.  As [Appellant] was pulling Rhoden out of his seat, Rhoden engaged the bus['s] emergency brake.
>
> Rhoden attempted to pull down on the arm that was [choking] him, while loosening his seat belt, which was tying him into his seat.  Rhoden got free of the seat belt, stopped the bus and stood up, and pushed his head against [Appellant's] belly, causing [Appellant] to fall to the floor, with Rhoden on top of

him. Passengers then came to Rhoden's assistance, while another called 911 and the police responded. Rhoden was treated at the hospital for a sprained left toe which was injured during the incident. He was out of work for approximately two months.

SEPTA Police Sergeant Kevin Mahoney testified that he was working in uniform when he and his partner responded to a radio call which took him to the bus at 4th and Market Streets. Mahoney and his partner attempted to pull the seated [Appellant] on the ground to handcuff him. [Appellant] flailed his arms, and failed to stop when Mahoney and his partner ordered him to do so 2-4 times. As he was attempting to subdue [Appellant], [Appellant] bit Sgt. Mahoney on the left hand. A utility knife was found underneath [Appellant]. The bite did not bleed, just caused a bit of redness, and Sgt. Mahoney did not require medical treatment.

Trial Court Opinion, 3/3/15 at 2-3 (unnumbered).

Appellant proceeded to a waiver trial on May 22, 2014, after which the trial court convicted him of two counts of aggravated assault, two counts of simple assault, two counts of recklessly endangering another person and one count of resisting arrest. On August 14, 2014, the trial court sentenced Appellant to an aggregate term of six to twelve years' imprisonment, followed by two years' probation. This timely appeal followed.

Appellant raises the following issues for our review.

1. Whether the trial court erred in finding that the evidence was sufficient to show as a matter of law that appellant was guilty of aggravated assault (F1) where the Commonwealth failed to establish beyond a reasonable doubt that appellant attempted to cause or intentionally, knowingly or recklessly caused serious bodily injury to a SEPTA bus driver while in the performance of their duty where the Commonwealth failed to present any evidence of the Complainant being hit, kicked or struck in any way, no weapon was alleged to have been used and the uncontradicted evidence was that appellant and

Complainant wrestled with each other for no more than eight seconds?

2. Whether the trial court erred in finding that evidence was sufficient to show as a matter of law that appellant was guilty of aggravated assault (F2) where the Commonwealth failed to establish beyond a reasonable doubt that appellant attempted to cause or intentionally or knowingly caused bodily injury to a SEPTA police officer in the performance of their duty where the evidence showed that appellant did not attempt to strike the police officer in any way, he merely flailed his arms, and the alleged "bite" to the officer's hand resulted in no injury whatsoever?

3. Did the sentencing court err in denying appellant's timely filed Motion for a New Trial and Motion to Reconsider?

Appellant's Brief at 5.

Appellant first challenges the sufficiency of the evidence in support of his convictions for aggravated assault.

The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

>However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Slocum*, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

Appellant was convicted of one count of aggravated assault, graded as a felony of the first degree (F1) as to SEPTA bus driver Barrington Rhoden, and one count of aggravated assault, graded as a felony of the second degree (F2) as to victim Sergeant Kevin Mahoney. A person commits F1 aggravated assault where, *inter alia*, he or she "attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to … an employee of an agency, company or other entity engaged in public transportation, while in the performance of duty[.]" 18 Pa.C.S.A. § 2702(a)(2). The Crimes Code defines "serious bodily injury" as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of function of any bodily member or organ." 18 Pa.C.S.A. § 2301. "For aggravated assault purposes, an 'attempt' is found where the accused, with the required specific intent, acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another." *Commonwealth v. Gray*, 867 A.2d 560, 567 (Pa. Super. 2005) (citations omitted). "A person acts intentionally with respect to a material element of an offense when ... it

is his conscious object to engage in conduct of that nature or to cause such a result." *Id*. at 567-568 (citations omitted).

As previously noted, Appellant began to choke and pull at Mr. Rhoden, who at the time was operating a moving SEPTA bus. As a result of the assault, Mr. Rhoden was forced to engage the bus's emergency brake and rise from his seat in order to force Appellant to the ground and escape from his chokehold. Although Appellant contends that the evidence did not establish his intent to cause serious bodily injury because he did not "hit, kick or strike" the SEPTA driver, we find this argument to be specious. Appellant's actions in choking a SEPTA bus driver who was actively engaged in operating a moving public transportation vehicle clearly evinces Appellant's intent to cause serious bodily injury to that driver, and also constitutes a substantial step towards that result. Although Mr. Rhoden did not actually sustain serious bodily injury, had he not been able to thwart the attack and engage the moving vehicle's emergency brake, serious bodily injury would have almost certainly occurred. Viewing this evidence in the light most favorable to the Commonwealth, we find that the Commonwealth presented sufficient evidence for the fact-finder to infer that Appellant attempted to inflict serious bodily injury upon Mr. Rhoden.

We likewise find the evidence was sufficient to support Appellant's conviction of F2 aggravated assault. A person is guilty of F2 aggravated assault if, among other things, he "attempts to cause or intentionally or knowingly causes bodily injury to [a police officer], in the performance of

duty[.]"  18 Pa.C.S.A. § 2702(a)(3).  "[I]n a prosecution for aggravated assault on a police officer[,] the Commonwealth has no obligation to establish that the officer actually suffered a bodily injury; rather, the Commonwealth must establish only an *attempt* to inflict bodily injury, and this intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury."  ***Commonwealth v. Rahman***, 75 A.3d 497, 502 (Pa. Super. 2013) (citation omitted).

Here, Appellant repeatedly flailed his arms when Sergeant Mahoney attempted to arrest him, and did not desist despite repeated requests do to so.  Appellant additionally bit Sergeant Mahoney in the hand during the arrest.  Although the bite did not require medical treatment, this violent behavior clearly demonstrates that Appellant intended to cause Sergeant Mahoney bodily injury. ***See Commonwealth v. Brown***, 23 A.3d 544 (Pa. Super. 2011) (finding jury could reasonably infer that the defendant intended to cause the officer bodily injury when he responded violently to the officer's attempt to arrest him).  Accordingly, the evidence was sufficient to convict Appellant of aggravated assault of a police officer under section 2702(a)(3).

Finally, Appellant argues that the trial court erred in denying his motion for a new trial and motion to reconsider sentence.  Appellant argued in his motion for a new trial that "a new trial should be ordered as the verdict was against the weight of the evidence."  Post Trial Motion for Reconsideration of Sentence and/or for New Trial and/or In Arrest of

Judgment, 8/18/14 at ¶5.2. In support of this argument on appeal, Appellant merely repeats the arguments he raised in support of his challenge to the sufficiency of the evidence, discussed above. As we have already found these claims to be without merit, his challenge to the weight of the evidence, premised on the same unavailing arguments, must likewise fail.

Appellant's claim that the trial court erred in denying his motion to reconsider sentence invokes a challenge to the discretionary aspects of his sentence. Preliminarily, we must determine whether Appellant has the right to seek permission to appeal the sentencing court's exercise of its discretion. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). When an appellant challenges the discretionary aspects of his sentence, we utilize a four-part test to determine

> (1) whether appellant has filed a timely notice of appeal, *see* Pa. R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa. R. Crim. P. [720]; (3) whether appellant's brief has a fatal defect, Pa. R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 PA.CONS.STAT.ANN. § 9781(b).

*Id*. (internal citations omitted).

In the present case, our review of the record reveals that Appellant failed to raise the specific arguments he now seeks for us to review in support of his discretionary aspects of sentencing claim either in his post-sentence motion or at sentencing. *See* Post Trial Motion for Reconsideration of Sentence and/or for New Trial and/or In Arrest of Judgment, 8/18/14 at

¶5.3. (stating only that "[t]he defendant respectfully prays that the [c]ourt will reconsider his sentence."); Matters Complained of on Appeal, 12/11/14 at ¶3 (arguing only that "the sentencing court err[ed] in denying appellant's timely filed Motion for a New Trial and Motion to Reconsider[.]").

In the Rule 1925(a) opinion, the trial court noted with frustration that Appellant "sought reconsideration of sentence, but offered no claims or basis for such reconsideration, nor is there any indication in the 1925(b) statement as what any alleged sentence error might consist of."  Trial Court Opinion, 3/3/15 at 7 (unnumbered).  As Appellant preserved none of the arguments he now raises in support of his discretionary aspects of sentencing claim in either his post-sentence motion or even in his Rule 1925(b) statement, they are not subject to our review.  ***See Commonwealth v. Tejada***, 107 A.3d 788, 799 (Pa. Super. 2015); Pa.R.A.P. 1925(b)(4)(ii) ("The statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."); ***id***. at (b)(4)(vii) ("Issues not included in the statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *9/28/2015*