J-S48042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DERRICK MADDOX, | : | |
| | : | |
| Appellant | : | No. 171 WDA 2016 |

Appeal from the Judgment of Sentence January 22, 2016
in the Court of Common Pleas of Fayette County,
Criminal Division, No(s):  CP-26-CR-0001430-2015

BEFORE:  BOWES, DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 08, 2016**

Derrick Maddox ("Maddox") appeals from the judgment of sentence imposed following his convictions of aggravated assault and harassment. ***See*** 18 Pa.C.S.A. §§ 2702(a)(3), 2709(a)(1).  We affirm.

On the night of August 1, 2015, Officer Alexis Metros ("Officer Metros"), of the Masontown Borough Police Department, and her partner responded to a call regarding a disturbance at Fort Mason Village.  Upon arriving at the scene, she was directed to the disturbance and heard yelling. Officer Metros then witnessed a male, later identified as Maddox, pushing and shoving a female.  Officer Metros, in uniform, identified herself as a police officer and ran towards the scene.  When Officer Metros attempted to end the altercation, Maddox punched Officer Metros in the face and put her in a headlock, thus cutting off her oxygen.  Thereafter, Maddox and Officer Metros fell to the ground, after which Officer Metros's partner was able to

handcuff Maddox. Officer Metros sustained a dislocated jaw, abrasions on her knees, and swelling to her face and arm as a result of Maddox's assault.

After a jury trial, Maddox was convicted of the above-mentioned crimes. The trial court sentenced Maddox to 36 months to 72 months in prison, after which Maddox filed a timely Notice of Appeal.

On appeal, Maddox raises the following questions for our review:

1. Did the Commonwealth fail to present sufficient evidence to prove beyond a reasonable doubt that [Maddox] attempted to cause bodily injury to [] Officer [] Metros [,] so as to sustain [his] conviction of [a]ggravated [a]ssault, 18 Pa.C.S.A. § 2702(a)(3)?

2. Did the Commonwealth fail to present sufficient evidence to prove beyond a reasonable doubt that [] Officer [] Metros suffered "bodily injury" [,] as defined by 18 Pa.C.S.A. § 2301 [,] so as to sustain [his] conviction of [a]ggravated [a]ssault, 18 Pa.C.S.A. § 2702(a)(3)?

Brief for Appellant at 7 (some capitalization omitted).

We will address Maddox's claims together; as they are related. Maddox argues that the evidence was insufficient to support his aggravated assault conviction. *Id.* at 10-12. Maddox asserts that he was unaware that Officer Metros was a police officer. *Id.* at 13. Maddox also claims that the Commonwealth failed to provide sufficient evidence that he attempted to cause Officer Metros "bodily injury." *Id.* at 14, 15-16. Maddox contends that Officer Metros suffered only minor bruising and scratches, consistent with trivial contacts with everyday life. *Id.* at 14, 15. Maddox further contends that Officer Metros did not sustain any "bodily injury", since she

- 2 -

waited two hours before going to the hospital, and later returned to finish her shift. *Id.* at 16.

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part of none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

The Crimes Code defines aggravated assault as follows:

**(a) Offense defined**.—A person is guilty of Aggravated Assault if he:

\*    \*    \*

(3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty;

- 3 -

&#42;    &#42;    &#42;

> (c) Officers, employees, etc., enumerated.—The officers, agents, employees and other persons referred to in subsection (a) shall be as follows:
>
> (1) Police officer.

&#42;    &#42;    &#42;

18 Pa.C.S.A. § 2702.

"Bodily injury" is defined as the "impairment of physical condition or substantial pain." *Id.* § 2301. "The Commonwealth need not establish the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury. This intent may be shown by circumstances, which reasonably suggest that a defendant intended to cause injury." ***Commonwealth v. Martuscelli***, 54 A.3d 940, 948 (Pa. Super. 2012) (citations omitted).

Here, Officer Metros, in full uniform, responded to a call regarding a disturbance at Fort Mason Village. N.T., 1/14/16, at 9. Officer Metros observed Maddox pushing and shoving a female. *Id.* at 11. When Officer Metros attempted to end the altercation, Maddox punched Officer Metros and put her in a headlock, cutting off her oxygen. *Id.* at 13. Maddox and Officer Metros then fell to the ground, where Maddox continued to punch Officer Metros in the face. *Id.* Maddox continued his assault until Officer Metros's partner handcuffed Maddox. *Id.* at 14.

- 4 -

Upon our review of the record, we conclude that the evidence is sufficient to sustain Maddox's aggravated assault conviction. ***See Commonwealth v. Brown,*** 23 A.3d 544, 560-61 (Pa. Super. 2011) (concluding that defendant's action of throwing a police officer to the ground and striking the officer on the arm and mouth was sufficient to support conviction under section 2707(a)(3)); ***see also Commonwealth v. Rahman***, 75 A.3d 497, 502 (Pa. Super. 2013) (concluding that evidence was sufficient to demonstrate that appellant intended to cause officer bodily injury where appellant punched the officer several times and shoved him with both hands). Accordingly, we cannot grant him relief on this claim.[1]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016

---

[1] Maddox does not raise any issue with his harassment conviction.