J-S84005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARRYL PALMER, | |
| Appellant | No. 3086 EDA 2014 |

Appeal from the Judgment of Sentence of September 29, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013136-2013

BEFORE:  OLSON, SOLANO and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED January 12, 2017**

Appellant, Darryl Palmer, appeals from the judgment of sentence entered on September 29, 2014 in the Court of Common Pleas of Philadelphia County.  We affirm.

At the conclusion of a three-day trial on April 11, 2014, a jury found Appellant guilty of carrying a firearm on a street or public place in Philadelphia (18 Pa.C.S.A. § 6108) and the trial court found Appellant guilty of persons not to use or possess firearms (18 Pa.C.S.A. § 6105).  Thereafter, on September 29, 2014, the court sentenced Appellant to an aggregate punishment of six to 13 years' incarceration.[1]

---

[1] Appellant received five to 10 years' imprisonment for persons not to possess firearms and one to three years for carrying a firearm on the streets of Philadelphia.

* Former Justice specially assigned to the Superior Court.

Appellant filed a timely notice of appeal on October 28, 2014. On March 26, 2015, Appellant timely complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. With leave of court, Appellant later supplemented his concise statement with filings submitted on March 27, 2015 and November 10, 2015. This matter is now ripe for consideration.

Appellant raises a single question for our review:

> Was not the evidence insufficient to support Appellant's [firearms convictions], where the verdict rests upon unreliable evidence, speculation, and conjecture?

Appellant's Brief at 3.

Appellant argues on appeal that his convictions rest upon insufficient evidence that he possessed a firearm during the incident in question. Specifically, Appellant contends that the testimony of Ronald Leach, the Commonwealth's eyewitness to the relevant events, was unbelievable and that 911 recordings of Leach's reports to police constituted unreliable hearsay. Appellant therefore reasons that the Commonwealth needed to prove constructive possession, which it failed to do since the evidence merely showed Appellant in proximity to a firearm that was equally accessible to others. These claims are meritless.

Our standard of review for a sufficiency challenge is well settled.

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record "in the light most favorable to the verdict winner giving the prosecution the benefit of all

reasonable inferences to be drawn from the evidence." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Commonwealth v. Brewer*, 876 A.2d 1029, 1032 (Pa. Super. 2005). Nevertheless, "the Commonwealth need not establish guilt to a mathematical certainty." *Id.*; *see also Commonwealth v. Aguado*, 760 A.2d 1181, 1185 (Pa. Super. 2000) ("[T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence"). Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. *See Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa. Super. 2001).

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. *See Brewer*, 876 A.2d at 1032. Accordingly, "[t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence." *Id.* (quoting *Commonwealth v. Murphy*, 795 A.2d 1025, 1038–1039 (Pa. Super. 2002)). Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld. *See Brewer*, 876 A.2d at 1032.

*Commonwealth v. Rahman*, 75 A.3d 497, 500 (Pa. Super. 2013) (parallel citations and quotation omitted).

We have carefully reviewed the certified record, the submissions of the parties, and the opinions of the trial court. Based upon our review, we conclude that the trial court has adequately and accurately addressed the contentions raised by Appellant and we adopt its sufficiency analysis as our

- 3 -

own. In particular, we agree with the trial court's determination that Leach's testimony, together with the 911 recordings, provided the jury with sufficient proof upon which to find, beyond a reasonable doubt, that Appellant possessed a firearm on the date in question. ***See*** Trial Court Opinion, 6/30/15, at 10-11. Moreover, we decline Appellant's invitation to reconsider the weight and credibility of the evidence adduced by the Commonwealth, as our standard of review forbids such an undertaking. Accordingly, we direct the parties to include a copy of the trial court June 30, 2015 opinion with all future filings relating to our disposition of this appeal.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2017