**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EDWARD BROWN | : | |
| | : | |
| Appellant | : | No. 2369 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 12, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008622-2017

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 29, 2020**

Appellant, Edward Brown, appeals from the judgment of sentence entered on July 12, 2019.  After review, we affirm.

The trial court set forth the following factual background:

> At trial the Commonwealth presented the testimony of Philadelphia police officers Daniel Orth and Sean Devlin, Philadelphia police detective Theodore Manko, … Camille Mitchell, and Natalie Murray.  [Appellant] presented no testimony.  Viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence established the following.
>
> On August 26, 2017, at approximately 3:40 a.m., Officers Daniel Orth and Sean Devlin were patrolling the area near 52nd and Master Streets in a marked police vehicle.  N.T. 3/12/2019 at 50; N.T. 3/13/2019, at 19-20.  The officers pulled up behind a Honda Accord, which was waiting at a red light at the intersection of 52nd and Master Streets.  N.T. 3/12/2019 at 51-53; N.T. 3/13/2019 at 20.  [Appellant] was driving the vehicle and he was the only occupant.  N.T. 3/12/2019 at 51; N.T. 3/13/2019, at 31. While the light was still red, [Appellant] made a left turn onto Master Street.  N.T. 3/12/2019 at 53; N.T. 3/13/2019 at 20.  The officers briefly followed [Appellant], who failed to stop at several

stop signs before the officers activated the police vehicle's lights and siren to initiate a traffic stop. N.T. 3/12/2019 at 54; N.T. 3/13/2019 at 20-21. [Appellant] eventually stopped his vehicle near the intersection of 55th and Master Streets. N.T. 3/12/2019 at 55; N.T. 3/13/2019 at 22. Fearing [Appellant] would drive away because his brake lights were on, Officer Orth, who was driving the police vehicle, leaned out the window and ordered [Appellant] to take his foot off of the brake and turn his car off. N.T. 3/12/2019 at 55, [58]; see N.T. 3/13/2019 at 22, 40-41. Immediately thereafter, [Appellant] drove away, turned onto 55th Street, and began driving at a high rate of speed. N.T. 3/12/2019 at 57-59; N.T. 3/13/2019 at 23. The officers followed [Appellant] in their vehicle. N.T. 3/12/2019 at 59; N.T. 3/13/2019 at 23. [Appellant] then made a left turn off of 55th Street onto Media Street and crashed into parked vehicles on Media Street. N.T. 3/12/2019 at 59-60; N.T. 3/13/2019 at 23-24.

When the Officers pulled up to the intersection of 55th and Media Streets, they saw that [Appellant's] vehicle had crashed. N.T. 3/12/2019 at 61; N.T. 3/13/2019 at 23-24. They then observed a dark object being thrown out of the vehicle's open sunroof. N.T. 3/12/2019 at 61; N.T. 3/13/2019 at 24-25. Immediately thereafter, [Appellant] climbed out of the driver's seat window and began to flee from the officers. N.T. 3/12/2019 at 61-64; N.T. 3/13/2019 at 27. Officer Devlin pursued [Appellant] on foot and Officer Orth pursued him in his vehicle. N.T. 3/12/2019 at 64; N.T. 3/13/2019 at 27, 29, 36-37. As he pursued [Appellant], Officer Devlin ordered [Appellant] to stop. N.T. 3/13/2019 at 29-30. Initially, [Appellant] did not comply, but eventually [Appellant] stopped running and Officer Devlin was able to apprehend and handcuff [Appellant]. N.T. 3/13/2019 at 27, 29-30. Seeing that his partner had apprehended [Appellant], Officer Orth went back to the area where he had observed the dark object that was thrown from [Appellant's] vehicle land and found a loaded 9mm handgun on the ground approximately 5 feet from where the car accident took place. N.T. 3/12/2019 at 64, 67. Officer Orth then searched [Appellant's] vehicle and found 3 rounds of ammunition that matched the type of ammunition that was in the recovered firearm. N.T. 3/12/2019 at 68-69. [Appellant] was prohibited from possessing a firearm because he has a felony conviction for robbery. See N.T. 3/13/2019 at 68-69; 73-74; Commonwealth Exhibit C-23 (defendant's secure court summary).

Trial Court Opinion, 11/15/19, at 2-3.

Following a jury trial, Appellant was convicted of a single count of possession of a firearm by a prohibited person.[1]  Trial Disposition and Dismissal Form, 3/13/19.  The trial court sentenced Appellant to a term of ten to twenty years of imprisonment on July 12, 2019.  Sentencing Order, 7/12/19.  Appellant filed timely post-sentence motions, which the trial court denied on August 12, 2019.  Order, 8/12/19.  Appellant prematurely filed his notice of appeal on August 9, 2019, before his post-sentence motions were denied by the trial court or by operation of law. Notice of Appeal, 8/9/19.  Pursuant to Pa.R.A.P. 905(5), "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."  Thus, we consider the appeal timely filed.  Both the trial court and Appellant complied with Pa.R.A.P. 1925.

Appellant presents the following questions for our review:

- Whether the weight of the evidence was enough to sustain a conviction pursuant to Rule 607.  The evidence was not sufficient to sustain a conviction pursuant to Rule 606 and the weight of the evidence was not enough to sustain a conviction pursuant to Rule 607.

- Whether the Court improperly denied the defense Motion to Suppress Defendant's Arrest and Evidence as there was no Probable Cause for said Stop, Arrest, and Search, in violation of Art. 1 Sec. 8 of the Pennsylvania Constitution.

- Whether the Sentencing Court should have sentenced Mr. Edward Brown to a "mitigated" sentence because he lost his

_____

[1] 18 Pa.C.S. § 6105(a)(1).

> mother at age 16, was placed while in High School at Overbrook, and has a drug addition to Percocet and Xanax at age 11 years.

Appellant's Brief at 6 (*verbatim*).

Although Appellant presented three questions for our review, the argument is comprised of a single page, in which Appellant challenges the sufficiency of the evidence and only mentions weight of the evidence. Appellant's Brief at 10. In that section, Appellant does not discuss the elements of the crime and sets forth only our standard of review for a challenge to the sufficiency of the evidence. *Id*. Moreover, it is unclear whether Appellant is challenging the weight or the sufficiency of the evidence presented as he references both the sufficiency of the evidence and the fact that the trial court's duty,[2] as the trier of fact, was to evaluate witnesses and determine the weight that should be given to their testimony.[3] Regardless, Appellant has failed to engage in any analysis of the facts of the instant case. It is well established in this Commonwealth that "[w]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review,

---

[2] Despite Appellant's claim that the court was the trier of fact, Appellant's case was tried before a jury.

[3] A challenge to the sufficiency of the evidence is a question of law. *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Id*. In contrast, "[a] motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict." *Id*.

that claim is waived." ***Commonwealth v. Rahman***, 75 A.3d 497, 504 (Pa. Super. 2013). ***See also*** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued;…followed by such discussion and citation of authorities as deemed pertinent").

To the extent that Appellant raised additional issues in his Pa.R.A.P. 1925(b) statement, he abandoned those issues by failing to discuss them in his brief. ***See Commonwealth v. Walker***, 836 A.2d 999, 1002 n.4 (Pa. Super. 2003) ("Although [Appellant] raised a second issue in his Pa.R.A.P. 1925(b) statement of matters complained of on appeal, he abandoned it is in his brief and it is therefore waived."); ***Commonwealth v. Rodgers***, 605 A.2d 1228, 1239 (Pa. Super. 1992). Thus, we find Appellant has waived those issues as well.[4] Because Appellant has either abandoned or waived all issues on appeal, we affirm the judgment of sentence order.

Judgment of sentence affirmed.

---

[4] In its brief, the Commonwealth suggests that this Court should order rebriefing due to the inadequacies in Appellant's brief. Commonwealth's Brief at 6. These concerns regarding Appellant's brief and any ineffectiveness of his counsel, however, should be raised in a collateral appeal through the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546; ***Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002) ("[A] petitioner should wait to raise claims of ineffective assistance of counsel until collateral review.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/20