J-S15037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GERALD A. BERRY, | |
| Appellant | No. 3319 EDA 2014 |

Appeal from the Judgment of Sentence October 24, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0014860-2013

BEFORE:  BENDER, P.J.E., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                         **FILED MARCH 02, 2016**

Appellant, Gerald A. Berry, appeals from the judgment of sentence imposed following his jury conviction of rape, 18 Pa.C.S.A. § 3121(a); involuntary deviate sexual intercourse (IDSI), 18 Pa.C.S.A. § 3123(a)(1); indecent assault, 18 Pa.C.S.A. § 3126(a)(2) and related offenses.  Appellant challenges the sufficiency of the evidence.  Specifically, he denies proof of the element of forcible compulsion for rape, IDSI, and indecent assault.  We affirm.

We derive our facts from the trial court's opinion, and our independent review of the record, including the trial transcript.  (**See** Trial Court Opinion, 4/01/15, at 1-4; N.T. Trial, 7/15/14-7/17/14).

---

[*] Retired Senior Judge assigned to the Superior Court.

On the evening of July 13, 2013, Appellant entered the victim's apartment through an unlocked window and began rummaging through her purse. When she awoke and saw him, she screamed. Appellant leapt on top of her and raped her anally, vaginally and anally again. The victim felt a gun pressed to her head. (*See* N.T. Trial, 7/15/14, at 65). Appellant repeatedly threatened to shoot her. (*See id.* at 67). After the assault was over, Appellant told the victim not to go to the police, because he knew where she lived, and what she looked like. (*See id.* at 66).

After some initial hesitation, the victim did go to the Philadelphia Police Special Victims Unit. There was a rape kit examination, which substantiated tearing of her genitalia and numerous other sex-related injuries. Eventually, fingerprint and DNA evidence linked Appellant to the sexual offenses.

The jury convicted Appellant of all charges: rape by forcible compulsion, IDSI by forcible compulsion, indecent assault by forcible compulsion, sexual assault, burglary, intimidation of a witness or victim, possession of an instrument of crime, and terroristic threats. (*See id.*, 7/17/14, at 109-12). When polled, the jury was unanimous. (*See id.* at 114-15).

On October 24, 2014, the trial court imposed an aggregate sentence of not less than fifteen nor more than thirty years' incarceration followed by a

consecutive period of twenty years' probation. (**See** N.T. Sentencing, 10/24/14, at 33). This timely appeal followed.[1]

Appellant raises one question for our review:

> Was the evidence sufficient to prove beyond a reasonable doubt that the Appellant used forcible compulsion on the complainant to support convictions for Rape, Involuntary Deviate Sexual Intercourse and Indecent Assault?

(Appellant's Brief, at 3).

Appellant argues that "[a]bsent any other evidence of non-sexual injury or direct proof of a firearm," evidence of "one verbal threat ('I should just shoot you now') . . . is insufficient to sustain guilty verdicts on . . . charges [of rape, IDSI, and indecent assault]." (**Id.** at 11). We disagree.

> We are guided by the following standard of review when presented with a challenge to the sufficiency of the evidence supporting a defendant's conviction:
>
> > As a general matter, our standard of review of sufficiency claims requires that we evaluate the record "in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." **Commonwealth v. Widmer**, 560 Pa. 308, 744 A.2d 745, 751 (2000). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt."

---

[1] Appellant filed a court-ordered statement of errors on December 22, 2014. Without leave of court, Appellant filed an amended statement on February 9, 2015. Following controlling authority, we would be inclined to disregard Appellant's unapproved amended statement and deem his supplemental arguments waived. However, the trial court considered the supplemental claims in its Rule 1925(a) opinion. Therefore, in the interest of judicial economy, we will review Appellant's claim. **See** Pa.R.A.P. 1925.

*Commonwealth v. Brewer*, 876 A.2d 1029, 1032 (Pa. Super. 2005). Nevertheless, "the Commonwealth need not establish guilt to a mathematical certainty." *Id.; see also Commonwealth v. Aguado*, 760 A.2d 1181, 1185 (Pa. Super. 2000) ("[T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence"). Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. *See Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa. Super. 2001).

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. *See Brewer*, 876 A.2d at 1032. Accordingly, "[t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence." *Id.* (quoting *Commonwealth v. Murphy*, 795 A.2d 1025, 1038–39 (Pa. Super. 2002)). Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Rahman*, 75 A.3d 497, 500-01 (Pa. Super. 2013) (some citations omitted).

Here, in a collective argument which addresses all three offenses together, Appellant maintains that his threat to shoot the victim and the victim's testimony that she felt a gun to her head is insufficient to prove forcible compulsion beyond a reasonable doubt. (*See* Appellant's Brief, at 12). Appellant's claim has no merit.

In pertinent part, our Crimes Code defines "Forcible compulsion" as follows: "Compulsion by use of physical, intellectual, moral, emotional or psychological force, either express or implied." 18 Pa.C.S.A. § 3101.

Forcible compulsion is a determination made in each case based on the totality of the circumstances that have been presented to the fact finder. *See Commonwealth v. Smolko*, 666 A.2d 672, 675 (Pa. Super. 1995); *see also Commonwealth v. Rhodes*, 510 A.2d 1217, 1226 (Pa. 1986) (holding that 'forcible compulsion' as used in section 3121(1) includes not only physical force or violence but also moral, psychological or intellectual force used to compel a person to engage in sexual intercourse against that person's will).

Here, Appellant's argument that *Smolko* supports his claim is both legally erroneous and belied by the record. (*See* Appellant's Brief, at 12). In pertinent part, *Smolko* held that a physical deficiency which prevents a person from defending himself against unwanted sexual encounters can be the basis for a finding of forcible compulsion beyond a reasonable doubt. *See Smolko*, at 674.

Even more basically, Appellant's supposition that in this case there was no showing of physical force, threat of physical force, or psychological coercion is transparently contradicted by the evidence of record. Appellant, a burglar, physically forced himself on the victim, resulting in documented injuries. He repeatedly threatened to shoot her. The victim felt a gun to her

head. Before he departed, Appellant warned her not to call the police because he knew where she lived. (*See* N.T. Trial, 7/15/14, at 61-66).

Under our standard of review, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences, we have no hesitation whatsoever in concluding that evidence of Appellant's threats to shoot the victim, putting a gun to her head, and the physical force used in the rapes themselves, which resulted in documented substantial injuries, was more than sufficient to prove forcible compulsion. *See Rahman*, *supra* at 500-01. Because Appellant does not attempt to differentiate his argument with respect to the three identified offenses, further analysis is unnecessary.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/2016