J. S52006/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ALLEN DALE McKINLEY, | : | No. 2152 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, December 16, 2014,
in the Court of Common Pleas of Bucks County
Criminal Division at No. CP-09-CR-0001977-2014

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　**FILED AUGUST 18, 2016**

Allen Dale McKinley appeals from the December 16, 2014 aggregate judgment of sentence of 9 to 30 years' imprisonment, followed by 5 years' probation, imposed after he pled guilty to statutory sexual assault, unlawful contact with a minor, corruption of minors, and 3 counts each of aggravated indecent assault -- person less than 16 years of age and indecent assault -- person less than 16 years of age.[1]  After careful review, we affirm.

The relevant facts of the case are as follows.  On January 22, 2014, Detective Daryl Lewis of the Pennridge Regional Police Department interviewed a 17-year-old female victim, M.C., regarding a series of sexual

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3122.1, 6318, 6301, 3125(a)(8), and 3126(a)(8), respectively.

assaults that occurred at appellant's home between 2009 and 2010. (Notes of testimony, 7/29/14 at 41.) M.C. stated that appellant, a friend of her family, had sexually assaulted her on multiple occasions while she was between the ages of 12 and 14. (*Id.* at 41-42.) Specifically, M.C. reported that appellant touched and fondled her breasts, kissed her breasts and vagina, and inserted his fingers into her vagina on multiple occasions. (*Id.* at 42-43.) M.C. further informed Detective Lewis that the sexual assaults occurred once or twice a month between the ages of 13 and 14, and that on at least two occasions, she had engaged in sexual intercourse with appellant. (*Id.* at 43-44.) On February 6, 2014, appellant was subsequently arrested after he acknowledged during an intercepted telephone conversation that he had engaged in sexual contact with M.C. on multiple occasions. (*Id.* at 44-45.) At all relevant times during these incidents, appellant was 39 to 42 years of age. (*Id.*)

On February 7, 2014, appellant was charged with statutory sexual assault, unlawful contact with a minor, corruption of minors, three counts of aggravated indecent assault, and four counts of indecent assault. On July 29, 2014, appellant pled guilty to all charges except one count of indecent assault -- person less than 13 years of age,[2] which was *nolle prossed* upon motion of the Commonwealth. Sentencing was deferred pending an evaluation by the Sexual Offenders Assessment Board

---

[2] 18 Pa.C.S.A. § 3126(a)(7).

("SOAB") to determine whether appellant met the criteria for a sexually violent predator ("SVP"). Following a hearing, the trial court entered an order on December 16, 2014, classifying appellant as an SVP. That same day, the trial court sentenced appellant to an aggregate term of 9 to 30 years' imprisonment, followed by 5 years' probation. On December 23, 2014, appellant filed a post-sentence motion for reconsideration of sentence. Following a hearing, the trial court denied appellant's motion on June 24, 2015. This timely appeal followed on July 15, 2015.[3]

On appeal, appellant raises the following issue for our review:

> A. Did the trial court err in finding that the Commonwealth established that appellant meets the statutory criteria for classification as [an SVP] as there was insufficient evidence to establish appellant suffered from a mental abnormality or personality disorder?

Appellant's brief at 4. Specifically, appellant maintains that the Commonwealth failed to establish that he suffers from a mental abnormality, as there is no mental abnormality of hebephilia recognized by the DSM-IV or ICD-10, the primary reference material of psychiatrists. (*Id.* at 13-14.)

The standard governing our review of the sufficiency of the evidence with respect to an SVP determination is well established:

> A challenge to the sufficiency of the evidence is a question of law subject to plenary review. We must determine whether the evidence admitted at [the SVP hearing] and all reasonable inferences drawn therefrom, when viewed in the light most favorable

---

[3] Appellant and the trial court have complied with Pa.R.A.P. 1925.

> to the Commonwealth as the verdict winner, is sufficient to support all elements of the [statute]. A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court.
>
> At a hearing prior to sentencing the court shall determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator. In reviewing the sufficiency of the evidence regarding the determination of SVP status, we will reverse the trial court only if the Commonwealth has not presented clear and convincing evidence sufficient to establish each element required by the statute.

*Commonwealth v. Evans*, 901 A.2d 528, 534 (Pa.Super. 2006), *appeal denied*, 909 A.2d 303 (Pa. 2006) (citations omitted; bracketed information in original).

The Sex Offender Registration and Notification Act, 42 Pa.C.S.A. § 9791, *et seq.* ("SORNA"), defines a "sexually violent predator" as:

> [a] person who has been convicted of a sexually violent offense as set forth in § 9795.1 (relating to registration) and who is determined to be a sexually violent predator under § 9795.4 (relating to assessments) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses.

42 Pa.C.S.A. § 9792.

SORNA defines "mental abnormality" as "[a] congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons." *Id.* In turn, SORNA defines

"predatory" as "[a]n act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." *Id.*

We begin by addressing whether appellant has properly preserved his claim for appellate review. At the December 16, 2014 SVP hearing, the Commonwealth presented the testimony of Dr. John M. Shanken-Kaye, a 15-year veteran of Pennsylvania's SOAB who was qualified as an expert in the assessment and treatment of adult sexual offenders. (Notes of testimony, 12/16/14 at 5, 7.) Dr. Shanken-Kaye testified that he completed an assessment of appellant based upon his "past history, past offenses [and] past treatment . . . [.]" (*Id.* at 8-10.) Dr. Shanken-Kaye opined to a reasonable degree of professional and psychological certainty that "[appellant] me[t] the diagnostic criterion for something called Otherwise Specified Paraphiliac Disorder, notably hebephilia or the sexual arousal and attraction to pubescent females or females undergoing puberty, which is considered a congenital or acquired condition." (*Id.* at 14.) In reaching this conclusion, Dr. Shanken-Kaye further explained that:

> The victim was between the ages of 12 and 14 and -- according to the information given me. And one of the delineations that I have to make or any of the individuals doing these types of assessment have to make, is whether this is an issue of pedophilia or an issue of hebephilia or a different type of deviant behavior.
>
> In looking at sexuality or the sexual development of boys and girls we can look at

individuals that are prepubescent and that has a wide age range. In the diagnostic manuals they will speak of being up to 13 but we know that many individuals begin puberty, particularly in current times, as early as 7 or 8.

So there's a long period of time called pubescence, puberty, and that is typically between the ages of about 10 and 14, sometimes 15. And what differentiates it from full-fledged adolescence is the fact that during that age range, particularly in the lower end of the age range, the individual is typically not fully sexually developed but is undergoing sexual development.

And that is why there is a special category of hebephilia for individuals that are attracted to boys or girls that are in the early stages of puberty versus individuals, for instance, that are only attracted to people who have no developed sexual characteristics at all.

*Id.* at 21-22.

The record reflects that appellant failed to challenge or object to Dr. Shanken-Kaye's diagnosis on the basis that it is not recognized in the DSM-IV or ICD-10. Appellant also failed to present his own expert witness on the diagnosis of hebephilia or cite to any legal authority in his appellate brief to support the conclusion that SORNA requires that the diagnosis of a mental abnormality appear in the DSM-IV or ICD-10. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Commonwealth v. Rahman*, 75 A.3d 497, 504 (Pa.Super. 2013) (citation omitted); *see also*

Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[]"); Pa.R.A.P. 2117(c) (requiring citation to place in record where issue has been preserved). Accordingly, we conclude that appellant's claim is waived.[4]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2016

---

[4] Alternatively, even if appellant had not waived his claim, we agree with the trial court's well-reasoned conclusion that the Commonwealth established by clear and convincing evidence that appellant met the criteria for SVP status. (*See* notes of testimony, 12/16/14 at 48-50; trial court opinion, 12/29/15 at 7.)