J. S72029/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ZACHARY R. HARNISH, | : | |
| | : | |
| APPELLANT | : | |
| | : | No. 477 MDA 2016 |

Appeal from the Judgment of Sentence February 22, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000363-2015

BEFORE: GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED OCTOBER 13, 2016**

Appellant, Zachary R. Harnish, appeals from the February 22, 2016 Judgment of Sentence entered in the Berks County Court of Common Pleas. After careful review, we affirm on the basis of the trial court's Opinion, which found that there was sufficient evidence to support the jury's conviction for Conspiracy to Commit Simple Assault.

The trial court's Pa.R.A.P. 1925(a) Opinion includes a thorough and complete narrative of the facts and procedural history in this case, which we adopt for purposes of this appeal. *See* Trial Court Opinion, filed 5/23/16, at 4-6. While we will not go into exhaustive detail here, some of the relevant facts are as follows.

---

[*] Retired Senior Judge assigned to the Superior Court.

On October 10, 2014, Joshua Zimmerman met his estranged wife, Lacey Zimmerman, in a parking lot in order to retrieve a vehicle from her. The relationship between the Zimmermans was hostile, and both parties arrived at the parking lot with friends in tow. Mr. Zimmerman brought Appellant and his cousin, Apache Gettle. Mrs. Zimmerman brought Peter Petrosky.

During the vehicle exchange, the Zimmermans began to argue. Appellant, along with the others present, gathered around the arguing couple. Mrs. Zimmerman tried to return to her vehicle, but the group followed and surrounded her. At that point, the dispute became physical.

Although initially only Mr. Zimmerman and Mr. Petrosky were fighting, Appellant, Mr. Gettle, and an unknown individual pulled Mr. Petrosky away from Mr. Zimmerman and began punching Mr. Petrosky. At some point, Appellant tackled Mr. Petrosky and pinned him to the ground while both he and Mr. Gettle kicked and punched Mr. Petrosky. Eventually, both sides drew weapons, at which point Mrs. Zimmerman broke up the fight by driving towards the group with her headlights on. Mr. Petrosky was taken to the emergency room, where he was treated for a laceration to his finger and a swollen eye.

Appellant was arrested and charged with two counts of Conspiracy to Commit Aggravated Assault, Aggravated Assault, Possessing Instruments of Crime, Conspiracy to Commit Possessing Instruments of Crime, two counts

of Conspiracy to Commit Recklessly Endangering Another Person, two counts of Recklessly Endangering Another Person, two counts of Simple Assault, two counts of Conspiracy to Commit Simple Assault, Harassment, and Conspiracy to Commit Harassment.

Appellant proceeded to a jury trial. On January 20, 2016, a jury found Appellant guilty of Conspiracy to Commit Simple Assault. On February 22, 2016, the trial court sentenced Appellant to three to twenty-three months of incarceration, with credit for time served.

On March 22, 2016, Appellant timely-filed the instant appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises a single issue:

> Whether the evidence presented at trial was insufficient to support a guilty verdict of M-2 Conspiracy to Commit Simple Assault where the evidence failed to establish, beyond a reasonable doubt, that [Appellant], with the intent of promoting or facilitating the commission of Simple Assault, did agree with one or more persons that one or more of them would engage in conduct which would constitute Simple Assault by physical menace or an attempt or solicitation to commit such crime.

Appellant's Brief at 4.

In reviewing the sufficiency of the evidence, our standard of review is as follows:

> The standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. The Commonwealth may sustain its burden of proving every

element beyond a reasonable doubt by means of wholly circumstantial evidence.

The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record. Therefore, we will not disturb the verdict unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. 2014) (citations and quotations omitted).

The Honorable M. Theresa Johnson has authored a comprehensive, thorough, and well-reasoned Opinion, citing to the record and relevant case law in addressing Appellant's claim. After a careful review of the parties' arguments, and the record, we affirm on the basis of that Opinion, which held that the there was sufficient evidence to support the jury's verdict where Appellant arrived with others in a "show of force" and they then "collectively assaulted Mr. Petrosky." Trial Court Opinion, at 2-7.

The parties are directed to attach a copy of the trial court's May 23, 2016 Opinion to all future filings.

Judgment of Sentence affirmed.

J. S72029/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2016

COMMONWEALTH OF PENNSYLVANIA    :    IN THE COURT OF COMMON PLEAS
                           :    OF BERKS COUNTY, PENNSYLVANIA
                           :    CRIMINAL DIVISION

           VS.                 :

                           :    No. CP-06-CR-0000363-2015
                           :

ZACHARY R. HARNISH              :    Assigned to: Judge M. Theresa Johnson

Amber M. Moll, Esquire
     *Attorney for Appellant*

Carmen J. Bloom, Esquire
     *Attorney for the Commonwealth/Appellee*

Memorandum Opinion           May 23, 2016           M. Theresa Johnson, J.

---

## PROCEDURAL HISTORY

The defendant in the above-captioned case, Zachary R. Harnish (hereinafter referred to as the "Appellant"), was charged with the following offenses arising from an incident alleged to have occurred on October 10, 2014: two counts of Conspiracy to Commit Aggravated Assault[1], Aggravated Assault[2], Possessing Instruments of Crime[3], Conspiracy to Commit Possessing Instruments of Crime[4], two counts of Conspiracy to Commit Recklessly Endangering Another Person[5], two counts of Recklessly Endangering Another Person[6], two counts of Simple Assault[7], two counts of Conspiracy to Commit Simple Assault[8], Harassment[9], and Conspiracy to Commit Harassment[10]. On or about January 20, 2016, a jury found the Appellant guilty of Conspiracy to Commit Simple Assault and Appellant was sentenced to a period of confinement of not less than

---

[1] 18 Pa.C.S.A. §903(a)(1) to commit 18 Pa.C.S.A. §2702(a)(1).
[2] 18 Pa.C.S.A. §2702(a)(4).
[3] 18 Pa.C.S.A. §907(a).
[4] 18 Pa.C.S.A. §903(a)(1) to commit 18 Pa.C.S.A. §907(a).
[5] 18 Pa.C.S.A. §903(a)(1) to commit 18 Pa.C.S.A. §2705.
[6] 18 Pa.C.S.A. §2705.
[7] 18 Pa.C.S.A. §2701(a)(1).
[8] 18 Pa.C.S.A. §903(a)(1) to commit 18 Pa.C.S.A. §2701(a)(1).
[9] 18 Pa.C.S.A. §2709(a)(1).
[10] 18 Pa.C.S.A. §903(a)(1) to commit 18 Pa.C.S.A. §2709(a)(1).

1

three (3) months nor more than twenty-three (23) months in the Berks County Jail System[11]. Appellant was given credit for two hundred seventy four (274) days time served. Appellant was made eligible for the Earned Time reentry program.

On March 22, 2016, Appellant applied for leave to appeal *in forma pauperis* and filed a Notice of Appeal to the Superior Court of Pennsylvania from Judgment of Sentence entered on February 22, 2016. On March 29, 2016, Appellant was ordered to file a Concise Statement of Errors Complained of on Appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On April 19, 2016, Appellant filed a Concise Statement of Errors Complained of on Appeal raising as his sole issue that the evidence presented at trial was insufficient to support a guilty verdict of Conspiracy to Commit Simple Assault.

## DISCUSSION

When reviewing a challenge to the sufficiency of the evidence supporting a defendant's conviction, the court is required to evaluate the record "in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." Commonwealth v. Rahman, 75 A.3d 497, 500 (Pa. Super. 2013) (citation omitted).

The test for determining the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth as the verdict winner and drawing all proper inferences favorable to the Commonwealth, the jury could have determined that all of the elements of the crime have been established beyond a reasonable doubt. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. The facts and circumstances established by the Commonwealth need not be absolutely incompatible

[11] The Commonwealth of Pennsylvania withdrew one count of Conspiracy to Commit Recklessly Endangering Another Person and one count of Recklessly Endangering Another Person.

2

with the defendant's innocence, but the question of any doubt is for the jury unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. Commonwealth v. Smith, 848 A.2d 973, 977 (Pa. Super. 2004) (citation omitted).

"[S]o long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld." Rahman, 75 A.3d at 501.

The Pennsylvania Crimes Code defines Conspiracy as follows:

a) Definition of conspiracy.--A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he: (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime. 18 Pa.C.S.A. §903.

"A conspiracy conviction requires proof of (1) an intent to commit or aid in an unlawful act, (2) an agreement with a co-conspirator and (3) an overt act in furtherance of the conspiracy." Commonwealth v. Galindes, 786 A.2d 1004, 1010 (Pa. Super. 2001) (citations omitted). "Because it is difficult to prove an explicit or formal agreement to commit an unlawful act, such an act may be proved inferentially by circumstantial evidence, i.e., the relations, conduct or circumstances of the parties or overt acts on the part of the co-conspirators." Commonwealth v. Spotz, 756 A.2d 1139, 1162 (Pa. 2000) (citation omitted).

The Pennsylvania Crimes Code defines Simple Assault as follows:

3

(a) Offense defined.-- Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he: (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another; (2) negligently causes bodily injury to another with a deadly weapon; (3) attempts by physical menace to put another in fear of imminent serious bodily injury; or (4) conceals or attempts to conceal a hypodermic needle on his person and intentionally or knowingly penetrates a law enforcement officer or an officer or an employee of a correctional institution, county jail or prison, detention facility or mental hospital during the course of an arrest or any search of the person. 18 Pa.C.S.A. §2701(a).

Bodily injury is defined as impairment of physical condition or substantial pain. 18 Pa.C.S.A. 2301. "The Commonwealth need not establish that the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury. This intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury." Commonwealth v. Klein, 795 A.2d 424, 428 (Pa. Super. 2002) (citation omitted).

The Commonwealth of Pennsylvania (hereinafter referred to as the "Commonwealth") presented evidence that Lacey Zimmerman (hereinafter referred to as "Mrs. Zimmerman") and Peter Petrosky (hereinafter referred to as "Mr. Petrosky") came into contact with the Appellant on October 10, 2014, in a parking lot in Womelsdorf, Berks County, Pennsylvania. *Notes of Testimony, Jury Trial, January 19, 2016 to January 20, 2016 (hereinafter referred to as "NT"), at 78-79, 145.* Mrs. Zimmerman went to this parking lot to meet her estranged husband, Joshua Zimmerman (hereinafter referred to as "Mr. Zimmerman"), to return a vehicle to him. *NT. at 78-79, 122, 279.* Mr. Zimmerman had been to Mrs. Zimmerman's home earlier in the day on two

4

separate occasions. *NT at 104.* During the first visit, Mr. Zimmerman was very angry and had punched the window of Mrs. Zimmerman's car but was "very calm" during the second visit. *NT. at 104.* Mr. Zimmerman asked his friend, Apache Gettle (hereinafter referred to as "Mr. Gettle"), to come along with him for the retrieval of the vehicle. *NT. at 197-198, 278, 305-306.* Mr. Gettle's cousin, Appellant, accompanied Mr. Gettle to the parking lot. *NT. at 199, 219-220.*

Mr. Petrosky accompanied Mrs. Zimmerman to the parking lot in a separate vehicle. *NT. at 80.* While at the parking lot, Mr. Petrosky intervened in an argument between Mr. and Mrs. Zimmerman prompting the Appellant and other individuals to exit their vehicles and stand around Mrs. Zimmerman. *NT. at 81, 107-110, 123-124, 126, 148-149, 152-153, 200, 282-283.* Appellant and Mr. Gettle got out of their vehicles to let Mr. Petrosky know that Mr. Zimmerman wasn't alone. *NT. at 200-201, 223, 284.* Appellant was to the left of Mrs. Zimmerman as people were around her. *NT at 84.* Mrs. Zimmerman began to walk away but was followed by the group. *NT. at 127.*

Mr. Zimmerman and Mr. Petrosky then got into a physical altercation. *NT at 84, 113, 127, 156.* Mr. Zimmerman attempted to punch Mr. Petrosky but Mr. Petrosky grabbed Mr. Zimmerman by the throat and then proceeded to punch and knee Mr. Zimmerman in the face. *NT. at 86-87, 113, 127-128, 155-156, 203-204, 224-226, 287-288, 311.* Appellant, an unknown individual and Mr. Gettle separated Mr. Zimmerman and Mr. Petrosky and then got involved in the fight with Mr. Petrosky. *NT. at 89, 129, 205-208, 289-290, 292, 312-314.* All of these individuals, including the Appellant, were hitting Mr. Petrosky with their legs and closed fists. *NT at 89, 93, 129-130, 132-133, 160, 168-169, 209.* Mr. Petrosky was kicked in the face by Mr. Gettle. *NT. at 93, 130, 161.* Appellant grabbed Mr. Petrosky by the neck and they fell to the ground and Mr. Petrosky picked up a knife and put it towards Appellant's neck. *NT. at 130, 160,*

*168-169.* Mr. Gettle then put a knife to the back of Mr. Petrosky's head and told him to calm down. *NT. at 89, 93, 96, 130, 139, 164.* Mr. Zimmerman and another individual, Ashley Hartranft, reached into the vehicle occupied by Mrs. Zimmerman, pulled her hair and took her phone from her. *NT. at 90.* Mrs. Zimmerman then put the vehicle into drive, turned her headlights on and started to move closer to the group of individuals causing them to disperse. *NT. at 90.* As a result of this altercation, Mr. Petrosky sustained a cut on his pinky finger and a swollen eye and was taken to the emergency room. *NT. at 97.* Mrs. Zimmerman had a cut on one her fingers. *NT. at 178.*

Based on the testimony presented at trial, the jury could have determined that all of the elements of Conspiracy to Commit Simple Assault had been established beyond a reasonable doubt. Appellant arrived at the parking lot in Womelsdorf with a group of individuals for a vehicle transfer between Mr. and Mrs. Zimmerman. When things went badly, Appellant, Mr. Zimmerman, an unknown individual and Mr. Gettle intervened and, based on the testimony presented, punched and kicked Mr. Petrosky. Appellant was there as a show of force to support Mr. Zimmerman. On cross-examination, Appellant admitted that during the incident he and one other individual were fighting against Mr. Petrosky:

| Commonwealth: | So you'll agree with me that when Josh leaves the fight, Peter is there against you and at least one other individual; is that right? |
|---|---|
| Appellant: | Yes, when I was holding Peter on the ground, another individual came up behind both Peter and I while I was holding him across his shoulders and said, drop it because I've got one too. |
| Commonwealth: | Was that the individual who kicked him in the head? |
| Appellant: | I believe so. |

6

| Commonwealth: | All right. So you'll agree with me there were at least two of you versus Peter at this point after Josh left the area and went over to Lacey? |
|---|---|
| Appellant: | Yes. |

*NT at 317.*

Appellant tackled Mr. Petrosky during the fight and held him down on the ground with his arms around Mr. Petrosky's neck. As this was occurring, another individual came from behind Mr. Petrosky and put a knife to the back of Mr. Petrosky's head. Appellant and the other participants involved in this fight arrived together to wait for Mrs. Zimmerman and Mr. Petrosky and then collectively assaulted Mr. Petrosky resulting in a cut finger, a swollen eye and a trip to the emergency room. Based on the foregoing information, the jury could have determined that Appellant had the requisite intent to commit or aid in an unlawful act, Simple Assault, and in agreement with his co-conspirators committed an overt act, physically assaulting Mr. Petrosky, in furtherance of the conspiracy and these were proven beyond a reasonable doubt.

For the foregoing reasons, we respectfully request that the Appellant's Appeal be DENIED and his sentence AFFIRMED.