J. S72027/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
LESA M. HARRIOTT, :
:
APPELLANT :
: No. 484 MDA 2016

Appeal from the Judgment of Sentence February 18, 2016
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001009-2015

BEFORE: GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED DECEMBER 14, 2016**

Appellant, Lesa M. Harriot, appeals from the Judgment of Sentence entered in the Centre County Court of Common Pleas following her conviction by a jury of Simple Assault—Bodily Injury. 18 Pa.C.S. § 2701(a)(1). We affirm.

The facts as gleaned from the record are as follows. On June 1, 2015, Graham Bramwell ("Victim"), and Appellant, his girlfriend, were at the apartment they shared. N.T. Trial, 1/6/16, at 38. That day, Victim told Appellant that he wanted to end their relationship and move back to Miami, Florida. *Id.* at 39. Appellant reacted to this news by threatening to kill

---

[*] Retired Senior Judge assigned to the Superior Court.

Victim. *Id.* The next day, following an argument with Appellant, Victim spoke to his mother on the phone and asked her to book him a bus ticket to Miami. *Id.* at 42. Appellant heard this, confronted Victim about leaving, and then went into the kitchen. *Id.* As Victim lay on the bed watching television, Appellant approached him with a pot of boiling water, and asked Victim if he thought there was enough water in the pot to make spaghetti. *Id.* at 47. As Victim raised his head to look into the pot, Appellant threw the water on him, burning his arms, abdomen, and chest. *Id.* at 49.

Victim called 9-1-1; paramedics and police arrived shortly thereafter. *Id.* at 53. When police spoke with Appellant, she claimed that Victim poured the water on himself. *Id.* at 144. At trial, however, Appellant claimed that victim kicked her as she brought water to the edge of the bed, at which time she spilled the water on him. *Id.* at 199. The physical evidence, including the location of the burns on Victim's body and pictures showing the splatter pattern of the water at the head of the bed and not the foot of the bed, contradicted Appellant's version of events. *Id.* at 49, 146.

The Commonwealth charged Appellant on July 8, 2015, with one count each of Aggravated Assault, Simple Assault—Bodily Injury, and Harassment.[1] On January 6, 2016, a jury convicted Appellant of Simple

---

[1] 18 Pa.C.S. § 2702(a)(1), 18 Pa.C.S. § 2701(a)(1), and 18 Pa.C.S. § 2709(a)(1), respectively.

Assault—Bodily Injury.[2]  On February 18, 2016, the court sentenced Appellant to 6 to 24 months' incarceration.

Appellant did not file a Post-Sentence Motion.  On March 21, 2016, Appellant filed a Notice of Appeal.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal: "Did the lower court commit an error of law and abuse of discretion by accepting the verdict which was against the weight of the evidence and insufficient to support the convictions, resulting in a miscarriage of justice?"  Appellant's Brief at 1, 5-7.

As a prefatory matter, we note that in framing her issue as a challenge to the weight and sufficiency of the evidence, Appellant conflates two distinct claims with different standards of review.  In **Commonwealth v. Widmer**, 744 A.2d 745, 751-52 (Pa. 2000), our Supreme Court highlighted the distinction between challenges to the sufficiency of the evidence and challenges to the weight of the evidence, noting that the remedy for insufficient evidence is an acquittal while a verdict against the weight of the evidence is a mistrial, the remedy for which is the award of a new trial.  In addition, a contention that a given verdict was against the weight of the evidence effectively concedes the legal sufficiency of the evidence.  **Id.** at

---

[2] The jury found Appellant not guilty of Aggravated Assault.  The trial court convicted Appellant of Harassment, a summary offense.

751-52. Therefore, although Appellant essentially fails to distinguish these two claims for purposes of argument, the trial court considered each in turn, and we will do the same, beginning with the weight of the evidence.

Appellant first claims that that the jury's verdict was against the weight of the evidence. However, we find this claim waived. Pa.R.Crim.P. 607 requires that a defendant raise a claim that his conviction was against the weight of the evidence either orally or in writing at any time before sentencing, or in a Post-Sentence Motion. **See** Pa.R.Crim.P. 607(A). Our review of the record indicates that Appellant failed to raise this claim prior to sentencing and did not file a Post-Sentence Motion. Accordingly, Appellant has waived this claim. **See**, **e.g.**, **Commonwealth v. Causey**, 833 A.2d 165, 173 (Pa. Super. 2003) (noting failure to file a Post-Sentence Motion challenging weight of the evidence precludes appellate review of such claim).

Next, Appellant challenges the sufficiency of the evidence presented by the Commonwealth in support of her conviction of Simple Assault.

This Court's standard of review of a challenge to the sufficiency of the evidence is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's

> guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact[-]finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Rahman*, 75 A.3d 497, 500-01 (Pa. Super. 2013) (citations and quotations omitted).

A defendant is guilty of Simple Assault if she "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S. § 2701(a)(1). "Bodily injury" is an "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301.

The trial court found that the Commonwealth's evidence was sufficient to sustain Appellant's conviction of Simple Assault—Bodily Injury. It explained its decision as follows:

> Bodily injury occurred in this case when a pot of boiling hot water Appellant was holding near the victim, while the victim was in bed, spilled onto the victim's body and caused second-degree burns. Testimony at trial established Appellant knew the water in the pot was boiling, she carried the pot over to the bed in which the victim was laying, and she tilted the pot towards the victim. Appellant gave testimony stating the victim kicked

her, which caused the boiling hot water to spill onto the victim's body. The victim gave testimony stating Appellant poured the boiling hot water onto his body. A picture of the bed in which the victim was lying when the boiling hot water was spilled onto him was submitted into evidence, and it depicted the pillows and sheets at the upper portion of the bed being soaked by water. Considering this evidence, the jury could reasonably infer Appellant was aware her conduct would injure the victim, or that she disregarded an unjustifiable risk that the victim would be injured by her conduct. Therefore, the Commonwealth presented sufficient evidence from which the jury could reasonably infer that Appellant intended to injure or knowingly or recklessly did injure the victim.

Trial Ct. Op., 5/26/16, at 3-4.

We agree with the trial court's conclusion that the Commonwealth presented ample evidence to sustain Appellant's conviction. Our review of the record, including the Notes of Testimony from Appellant's trial, confirms that the jury had sufficient direct, circumstantial, and physical evidence upon which to conclude that Appellant intentionally, knowingly, or recklessly caused Victim bodily injury. Appellant's sufficiency challenge, thus, fails.

Judgment of Sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2016

- 6 -