J-S24027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT L. HOWARD | |
| Appellant | No. 1275 WDA 2016 |

Appeal from the Judgment of Sentence entered July 26, 2016
In the Court of Common Pleas of Westmoreland County
Criminal Division at No: CP-65-CR-0000645-2015

BEFORE:  PANELLA, STABILE, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                                    **FILED JUNE 22, 2017**

Appellant, Robert L. Howard, appeals from the judgment of sentence entered on July 26, 2016 in the Court of Common Pleas of Westmoreland County after a jury convicted him of simple assault, 18 Pa.C.S.A. § 2701(a)(1).  Following review, we affirm.

Appellant was arrested on January 24, 2015, and was charged with aggravated assault, disarming a law enforcement officer, and resisting arrest.  Following a hearing on his petition for *habeas corpus* relief and his motion to quash the arrest and suppress evidence, the trial court determined that the arresting officers lacked both reasonable suspicion and probable cause to arrest Appellant.  Therefore, the charge of resisting arrest could not

_____

[*] Former Justice specially assigned to the Superior Court.

be sustained and Appellant's motion to quash and suppress was granted as to that charge. Trial Court Order, 9/16/15, at 1; Trial Court Opinion, 9/16/15, at 2-4. However, his motion was denied with respect to the remaining charges. *Id.*

On April 8, 2016, the Commonwealth filed an amended information, removing the resisting arrest charge and adding a charge of simple assault. At the conclusion of a May 2, 2016 trial, the jury found Appellant not guilty of aggravated assault and disarming a law enforcement officer, but guilty of simple assault. On July 26, 2016, the trial court sentenced Appellant to a total of one to two years in prison. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[1]

Appellant presents two issues for our consideration:

I. Whether the verdict of guilty of simple assault was supported by sufficient evidence.

II. Whether the trial court erred in determining that the dismissal of Appellant's [r]esisting [a]rrest charge was not relevant, where [] Appellant claims that his resistance to the illegal arrest, without use of force, was lawful.

Appellant's Brief at 4.

In his first issue, Appellant argues the evidence was insufficient to support his conviction of simple assault. As defined in 18 Pa.C.S.A.

---

[1] We remind Appellant's counsel of the requirement to attach a copy of the Rule 1925(b) statement of errors complained of and the trial court's Rule 1925(a) opinion to an appellant's brief. *See* Pa.R.A.P. 2111.

§ 2701(a)(1) (Simple Assault), "a person is guilty of assault if he [] attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]"

In **Commonwealth v. Rahman**, 75 A.3d 497 (Pa. Super. 2013), this Court instructed:

> We are guided by the following standard of review when presented with a challenge to the sufficiency of the evidence supporting a defendant's conviction:
>
> > As a general matter, our standard of review of sufficiency claims requires that we evaluate the record "in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." **Commonwealth v. Widmer**, 560 Pa. 308, 744 A.2d 745, 751 (2000). Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

**Id.** at 500-01 (Pa. Super. 2013) (quoting **Commonwealth v. Pettyjohn**, 64 A.3d 1072, 1074 (Pa. Super. 2013) (internal citations and quotations omitted)).

Testimony presented at trial revealed that on January 24, 2015, at approximately 2:00 p.m., Police Sergeant Marcia Cole and Officer Wes Biricocchi from the Arnold, Pennsylvania Police Department separately responded to a 9-1-1 dispatch call. According to the dispatch call, an

individual who may have robbed a New Kensington grocery store had been observed at a local intersection in a high crime area. Both officers located Appellant based on the description provided, with Officer Biricocchi arriving just before Sergeant Cole. Sergeant Cole pulled her patrol vehicle alongside Appellant and asked if she could speak with him. He agreed and provided his name.

Sergeant Cole asked Appellant for identification and testified that Appellant turned a little bit and started to reach his hand down inside his pants, putting Sergeant Cole on alert because, as she explained, "that's not where someone would keep their ID." Notes of Testimony ("N.T."), Trial, 5/2/16, at 51. She instructed Appellant to wait until she had patted him down for weapons. She then lifted his left arm to prevent him from putting it into his pants. *Id.* As she initiated the pat down, Appellant began to take flight. *Id.* at 52. Sergeant Cole grabbed his jacket and he dragged her about four feet down the sidewalk. *Id.* As Officer Biricocchi attempted to restrain Appellant, Appellant shoved Sergeant Cole and she "went flying into the street." *Id.* at 53. She informed Appellant she was going to tase him but when she deployed her taser, it did not make contact. *Id.* at 54.

As Appellant and Officer Biricocchi scuffled, Sergeant Cole attempted to aid her colleague. Appellant grabbed her taser and tried to pull it from her hand. *Id.* at 55-56. She and Officer Biricocchi eventually tackled Appellant to the ground and handcuffed him. *Id.* at 57-58. When she tried

to handcuff Appellant, Sergeant Cole realized she could not bend the middle finger on her right hand. ***Id.*** at 59. The finger, ultimately diagnosed as sprained, was swollen and caused her substantial pain. ***Id.*** While she could not pinpoint exactly when the injury occurred, she believed it happened during her struggle to control Appellant. ***Id.*** at 61, 78.

Appellant testified that he and a friend were walking to a convenience store when they were approached by the officers. ***Id.*** at 109. Appellant stated that he was reaching for identification at Sergeant Cole's request when she grabbed his arm and tried to grab his wallet. ***Id.*** at 112. She informed him that she wanted to search him for weapons and he said "no." ***Id.*** at 115. He denied attempting to flee, saying he was trying "to move myself from the situation." ***Id.*** at 116. He attempted to leave but was grabbed by the collar. ***Id.*** He stated he did not kick, hit or punch either officer. ***Id.***

> The trial court, addressing the sufficiency of evidence, determined:
>
> Although [Sergeant] Cole was unable to pinpoint the moment when her finger was sprained, [Appellant's] actions were sufficient for a jury to convict him of simple assault. While [Appellant] denied that he purposely harmed Sergeant Cole, the jury, while passing upon the credibility of witnesses, is free to believe all, part, or none of the evidence. ***See Comm***[***onwealth***] ***v. Cousar***, 928 A.2d 1025, 1032-33 (Pa. 2007); *see also* ***Comm***[***onwealth***] ***v. Laird***, 988 A.2d 618, [625] (Pa. 2010). The jury chose to believe the testimony of Sergeant Cole and Officer Biricocchi, and it is not the [c]ourt's province to reexamine the factual determinations made by the jury. Therefore, the testimony presented at trial was sufficient for a conviction of Simple Assault.

Trial Court Rule 1925(a) Opinion, 10/13/16, at 6.

Based on our review of the record, we agree with the trial that the evidence, viewed in the light most favorable to the Commonwealth as verdict winner, supports the verdict and establishes, beyond a reasonable doubt, that Appellant intentionally, knowingly or recklessly caused bodily injury to Sergeant Cole. Appellant's sufficiency claim fails.

In his second issue, Appellant contends the trial court erred by excluding as irrelevant the fact Appellant's resisting arrest charge was dismissed prior to trial. As such, Appellant presents a challenge involving admissibility of evidence. This Court has recognized that:

> The admissibility of evidence is within the sound discretion of the trial court, and we will not disturb an evidentiary ruling absent an abuse of that discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

*Commonwealth v. Semenza*, 127 A.3d 1, 4 (Pa. Super. 2015) (internal citations and quotations omitted).

The trial court explained:

> [Appellant's counsel] is correct in stating that in order to be convicted for resisting arrest, the underlying arrest must be lawful. *Comm*[*onwealth*] *v. Biagini*, 655 A.2d 492, 497 (Pa. 1995). However, the Court in *Biagini* stressed that physical resistance to an arrest, whether or not it is supported by probable cause, is not protected under the law. It held:
>
>> The determination that a police officer placed an individual under arrest without probable cause is a legal determination; it is an issue to be resolved in a courtroom,

- 6 -

not on a street corner. Within a civilized society rules exist to resolve disputes in an orderly and peaceful manner. Physical resistance to a police officer is not only counter-productive to the orderly resolution of controversy, but it is also specifically prohibited by statute. 18 Pa.C.S. § 505(b)(1)(i). (The use of force is not justifiable to resist an arrest which the actor knows is being made by a peace officer, although the arrest is unlawful). Therefore, defendants' secondary premise, that an unlawful arrest justifies physical resistance, is invalid. *Id.* at 497-98.

Trial Court Rule 1925(a) Opinion, 10/13/16, at 7-8.

The trial court discussed relevance under Pa.R.E. 401 and concluded that the legality of the underlying arrest was not relevant because Appellant was not facing a resisting arrest charge at trial. *Id.* at 8. The trial court determined:

The fact that the [resisting arrest] charge was dismissed had no bearing on the legality of the remaining charges. The ultimate issue in this case was whether [Appellant] used physical force against officers, which would not have been warranted notwithstanding the legality of the arrest. The fact did not tend to make the ultimate issue any more or less probable, and even if it was relevant, its introduction would only act to distract the jury's attention to a collateral issue which had no bearing on the present charges.

*Id.* at 8-9.

We find no abuse of discretion in the trial court's ruling that excluded evidence of the dismissed resisting arrest charge. Appellant's second issue fails.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2017