J-S71024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FORREST JAMES WILSON, | |
| Appellant | No. 866 EDA 2017 |

Appeal from the Judgment of Sentence February 28, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0005263-2016

BEFORE: PANELLA, STABILE, and PLATT,* JJ.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 16, 2018**

Appellant Forrest James Wilson appeals from the February 28, 2017 judgment of sentence of 1-2 years' imprisonment for criminal trespass[1] and a consecutive term of 3-12 months' imprisonment for possession of drug paraphernalia.[2] Appellant argues that the evidence was insufficient to sustain his conviction. We affirm.

The following evidence was adduced during trial. Dawn Catrimbone owned 819 Cedar Avenue in Bristol Township, Bucks County, Pennsylvania.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3503(a)(1), (3). The jury found Appellant guilty of both subsections, and the trial court sentenced Appellant to concurrent terms of 1-2 years' imprisonment for these offenses.

[2] 35 P.S. § 780-113(a)(32).

The property was a rental property which had four apartment units. Appellant rented unit No. 4 from Ms. Catrimbone. Prior to January 2016, Appellant stopped paying rent for a few months. As a result, eviction proceedings were instituted against Appellant, and a magisterial district judge issued an eviction order on January 12, 2016. Appellant failed to appear for the eviction hearing, but the order was posted at the premises on the same date. On January 25, 2016, Appellant was evicted, and Ms. Catrimbone's husband changed the lock on the door.

On May 4, 2016, Officer Jason Mancuso of the Bristol Township Police Department saw Appellant at the district court that had issued the eviction order. Officer Mancuso informed Appellant that he was not to return to 819 Cedar Avenue. He also heard the Magisterial District Judge inform Appellant not to be at that property, because the eviction order was still in place.

On May 6, 2016, at approximately 1:08 p.m., Officer Patrick Kitchenenman of the Bristol Township Police Department responded to 819 Cedar Lane, Apartment 4, for the report of an unwanted person. Appellant was at the property. Officer Kitchenenman met Dawn Catrimbone at the property. He and Officer Kelli Fronk, also of the Bristol Township Police Department, went with Ms. Catrimbone to Apartment 4. Officer Kitchenenman knocked several time but there was no response. Ms. Catrimbone indicated that the lock had been changed since her husband had last changed it, and she did not have a key.

- 2 -

Ms. Catrimbone asked the officers to force open the door. Officer Kitchenenman opened the door with one kick and found Appellant inside the apartment, lying on a couch. The officer arrested Appellant and found drug paraphernalia (a vial and straw) and .69 grams of marijuana on Appellant's person. Officer Fronk recovered other items of drug paraphernalia in the apartment—specifically, a brown pipe on the television next to Appellant's glasses, another pipe on the floor near the couch along with a vial containing a white substance, and a grinder on the couch. Appellant admitted to using the grinder, inhaling powered cocaine through a straw and smoking marijuana.

A jury found Appellant guilty of the foregoing offenses. Following sentencing, Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant's sole argument in this appeal is that the evidence was insufficient to support his convictions.

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record "in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." **Commonwealth v. Widmer**, [] 744 A.2d 745, 751 ([Pa.] 2000). Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

**Commonwealth v. Rahman**, 75 A.3d 497, 500-01 (Pa. Super. 2013).

The Crimes Code defines criminal trespass as follows:

(1) A person commits an offense [of criminal trespass] if, knowing that he is not licensed or privileged to do so, he:

> (i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or

> (ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

****

(3) As used in this subsection: "Breaks into." To gain entry by force, breaking, intimidation, unauthorized opening of locks, or through an opening not designed for human access.

18 Pa.C.S.A. § 3503(a)(1), (3).

The evidence was sufficient to sustain Appellant's convictions under Section 3503(a)(1)(i). The evidence established that Appellant knew he had been evicted from the apartment. The constables, along with his landlord's husband, served him with the eviction notice. He unhappily left the apartment while the constables were present, and the landlord's husband changed the lock with the constables' assistance. Only two days before Appellant was found on the property, Officer Mancuso told him that he was not permitted to be on the premises or in the apartment. The magisterial district judge also informed him that the eviction order was still valid. He had previously been told that he would be arrested if found on the property. Thus, the evidence shows that he gained entry into the apartment by subterfuge and surreptitiously remained there until he was found inside on May 6, 2016.

The evidence also was sufficient to sustain Appellant's conviction under Section 3503(a)(1)(ii). "Breaking into" a structure includes the unauthorized opening of a lock. The evidence established that the landlord's husband changed the lock on the date of Appellant's eviction in January 2016. When the police responded to the apartment in May, they had to force open the door because the lock had been changed. This circumstantial evidence establishes that Appellant, after his eviction, broke into the apartment by an unauthorized opening of the lock on the door and/or by changing the lock on the door.

Relying on his own testimony, Appellant argues that the landlord permitted him to re-enter the apartment. This argument fails, because we are required to construe the evidence in the light most favorable to the Commonwealth. Viewed in this light, the evidence establishes that Appellant did not have permission to re-enter the apartment.

The crime of possession of drug paraphernalia prohibits:

> The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

35 P.S. §780-113(a)(32). A person can be found guilty of possessing drug paraphernalia if he is found in actual possession of or has constructive possession of paraphernalia.

> Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not.

- 5 -

> [Constructive possession is] conscious dominion [which is] the power to control the contraband and the intent to exercise that control[.] [C]onstructive possession may be established by the totality of the circumstances.

***Commonwealth v. Brown***, 48 A.3d 426, 430 (Pa. Super. 2012).

Appellant does not contest that the items were drug paraphernalia. Instead, he contends that there was no evidence that he intended to possess the contraband or that the paraphernalia did not belong to someone else. The evidence, however, established Appellant's guilt for possession of the paraphernalia. Appellant was the sole person in the apartment where the paraphernalia was found. He also had marijuana and other drug paraphernalia, including a vial and a straw, on his person. He admitted smoking marijuana, ingesting cocaine and using the grinder found on the couch where police found Appellant lying. A pipe was found on the floor a short distance from the couch, and another pipe was found next to Appellant's glasses on a television several feet from the couch. Thus, the evidence showed that Appellant possessed, either actually or constructively, the drug paraphernalia in the apartment.

Accordingly, Appellant's challenge to the sufficiency of the evidence fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/16/18</u>