J-S18005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :             PENNSYLVANIA
                                         :
             v.                          :
                                         :
                                         :
JUSTIN RANSOME                      :
                                         :
             Appellant            :     No. 134 EDA 2022

Appeal from the PCRA Order Entered December 6, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002099-2017

BEFORE:   PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:           **FILED AUGUST 29, 2023**

Justin Ransome appeals the Philadelphia Court of Common Pleas' order denying his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa. C.S.A. §§ 9541-9546. We are constrained to find Ransome's claims on appeal are waived, and we therefore affirm.

Ransome was charged with, among other offenses, first-degree murder after stabbing his girlfriend's brother 21 times with a knife during an altercation and then texting his girlfriend he had "had enough of [the victim]." Ransome alleged at trial he had acted in self-defense. The jury nonetheless convicted Ransome of the first-degree murder charge, as well as possession of an instrument of crime ("PIC"). The trial court sentenced Ransome to the

---

[*] Former Justice specially assigned to the Superior Court.

mandatory term of life imprisonment for the murder conviction and to a concurrent sentence of two and one-half to five years' incarceration for the PIC conviction.

Ransome filed a post-sentence motion, which the trial court denied. He then filed a notice of appeal to this Court, raising four issues which this Court found warranted no relief. *See Commonwealth v. Ransome*, 2020 WL 1487785 (Pa. Super. filed March 23, 2020) (unpublished memorandum). Ransome did not file a petition for allowance of appeal, and his judgment of sentence therefore became final in April 2020. *See* 42 Pa. C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a).

Ransome filed a timely *pro se* PCRA petition on November 12, 2020. *See id.* at § 9545(b)(1). Counsel was appointed, and filed a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), along with an application to withdraw from representation.

The PCRA court sent a Pa.R.Crim.P. 907 notice to Ransome informing him the court had determined the issues raised in his PCRA petition were without merit and that the court therefore intended to dismiss the petition without a hearing. The court ultimately dismissed the petition and permitted counsel to withdraw from representation in an order entered December 6, 2021.

Ransome filed a *pro se* notice of appeal, and appellate counsel was appointed. Ransome complied with the PCRA court's directive to file a Pa.R.A.P. 1925(b) statement, and raised the following two issues in the statement:

1. Did the [PCRA] court err in dismissing the PCRA Petition without a hearing, when [Ransome] established a *prima facie* case of ineffective assistance of counsel by alleging the following:(a) failing to move for a mistrial after the medical examin[er] was permitted to answer a hypothetical about actions of an "unconscious" person; (b) failing to request a jury instruction limiting the use of this hypothetical answer; (c) agreeing to answer a jury question regarding a "concussion" in the manner in which it was answered, when applicable law should have been provided, in a case where the claim was self-defense?

2. Was PCRA counsel ineffective for filing a **Finley** no-merit letter where [Ransome] set up a *prima facie* case of ineffective assistance of trial counsel in his *pro se* petition, but rather than pursue those claims, failed to properly consult with [Ransome] and [chose] to find no merit in his claims without proper investigation?

Statement of Matters Complained of On Appeal, 6/17/2022, at 1 (unpaginated).

In its responsive Rule 1925(a) opinion, the PCRA court first found that trial counsel's failure to move for a mistrial or request a cautionary instruction after the medical examiner answered a hypothetical question on unconsciousness had not prejudiced Ransome. In support, the PCRA court noted that Ransome had not shown how this testimony undermined his self-defense theory, which, according to the PCRA court, did not rely on Ransome's state of consciousness. In addition, the PCRA court found that the evidence of

first-degree murder had been overwhelming: Ransome "carried the knife with him, stabbed the decedent [21] times, and texted his girlfriend he 'had had enough of [the decedent].'" PCRA Court Opinion, 8/5/2022, at 6.

As for Ransome's third claim of trial counsel's ineffectiveness, which seemed to challenge counsel's agreement to a particular answer to a jury question on the basis that the agreement violated "applicable law", the PCRA court essentially found that Ransome had waived the claim. The PCRA court explained that Ransome wholly failed to develop his claim in that he did not identify the jury's question, the challenged answer or the applicable law to which he was referring. **See id.** at 7.

In his appellate brief, Ransome raises two issues that are, for all intents and purposes, identically worded to the two he raised in his Rule 1925(b) statement. So, in his first claim, he again asserts that trial counsel had been ineffective in three ways: (1) for failing to ask for a mistrial after the medical examiner answered a hypothetical about the "actions of an unconscious person;" (2) for failing to ask for cautionary instructions limiting the use of "this hypothetical answer;" and (3) for agreeing to an answer to a jury question regarding a "concussion." Appellant's Brief at 4. He also once again raises a second claim that PCRA counsel was ineffective for filing a **Finley** no-merit letter without properly consulting Ransome and even though Ransome had established a "*prima facie* case" of trial counsel's ineffectiveness.

Ransome's entire argument section in support of these two claims consists of nothing more than a brief general recitation of this Court's standard when reviewing the denial of PCRA petitions and the standard for ineffectiveness claims, followed by the *verbatim* repetition of the two questions he raised in the statement of the questions involved section of his brief. That is the entirety of Ransome's argument. In other words, Ransome's argument section does not, with the exception of the cursory nod to general law which he in no way applies to his case, differ in any way from his statement of questions involved section. They both simply list the questions on which Ransome seeks review.

The Commonwealth takes issue with this woefully undeveloped brief, and argues that Ransome's ineffectiveness claims are "fatally undeveloped." Commonwealth's Brief at 6. We agree.

As for Ransome's first claim challenging trial counsel's representation, the Commonwealth points out that Ransome's "one-sentence analysis simply restates his bare allegations [and] does not provide any supporting facts or case law." *Id.* For instance, Ransome broadly asserts in his first two ineffectiveness claims that trial counsel should have asked for a mistrial or a cautionary instruction after the medical examiner was allowed to answer a hypothetical question on "unconsciousness." Yet, Ransome does not identify the medical examiner or the testimony of that medical examiner which he believes to have been improper. *See* Pa. R.A.P. 2119(a) (requiring appellants

to follow particular points raised in their brief with pertinent discussion and citation to pertinent authorities). Nor does he point to the place in the record where the challenged testimony occurred, in violation of Pa.R.A.P. 2119(c). In fact, Ransome does not provide any context for his claims at all.

In addition, Ransome fails to provide any case law supporting his claims, again in violation of Pa.R.A.P. 2119(a). He does not even attempt to dispute the PCRA court's finding that he was not prejudiced by counsel's actions regarding the testimony of the medical examiner when answering the hypothetical.

Ransome also does not attempt to address the PCRA court's finding that his third ineffectiveness claim regarding trial counsel, that counsel was ineffective for agreeing to an answer to a jury question about a "concussion," was too undeveloped to permit review. In his brief, Ransome fails to identify the question or the answer at issue despite the PCRA court's explicit admonition in its Rule 1925(a) opinion that Ransome failed to do so below. Nor does Ransome point to the place in the record where the jury question or the allegedly improper answer occurred as required by Pa.R.A.P. 2119(c). Likewise, Ransome does not identify the "applicable law" he claims counsel should have provided, again despite the PCRA court's explicit notation that he failed to do this below.

In the end, we agree with the Commonwealth that Ransome's summary and undeveloped claims challenging trial counsel's ineffectiveness are waived.

Ransome does not provide any context at all for these claims, does not cite to the places in the record where the challenged testimony or answer occurred, and does not cite to any relevant authority. ***See*** Pa.R.A.P. 2119(a) and (c). Simply put, Ransome fails to meaningfully develop his claims of trial counsel ineffectiveness in such a way that would allow for our review. They are waived. ***See Commonwealth v. Rahman***, 75 A.3d 497, 504 (Pa. Super. 2013) (citation omitted) (stating that if an appellate brief does not discuss a claim with "citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived").

In addition to the glaring deficiencies in the brief, Ransome's claims of trial counsel's ineffectiveness are also waived as they were not included in his PCRA petition. While Ransome did raise several claims of trial counsel's ineffectiveness in a five-page handwritten attachment to his *pro se* petition, those claims did not include the three he raises in this appeal. ***See*** Motion for Post Conviction Collateral Relief, 11/12/2020, unpaginated attachment; ***Finley*** Letter, 5/3/2021, at 3 (listing claims of trial counsel's ineffectiveness raised in the *pro se* petition). Counsel filed a ***Finley*** no-merit letter, and not an amended petition. As such, the three claims of trial counsel's ineffectiveness that Ransome presents in this appeal were not included in his PCRA petition in the first instance, and they are waived for that reason as well. ***See Commonwealth v. Santiago***, 855 A.2d 682, 691 (Pa. 2004) (stating

that a claim that is not raised in a PCRA petition and instead is raised for the first time on appeal is waived).

Ransome does complain in his second issue that PCRA counsel was ineffective for filing a **Finley** letter without properly consulting him and investigating the claims of trial counsel's ineffectiveness. He does not specify the ineffectiveness claims to which he is referring, and this is but one reason we agree with the Commonwealth that this second claim is also waived for lack of development. The Commonwealth explains:

> Although [Ransome's] attorney makes no mention of it, **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021), allows a PCRA petitioner to "raise claims of PCRA counsel's ineffectiveness at the first opportunity." Such claims, however, must "provide more than mere 'boilerplate assertions of PCRA counsel's ineffectiveness.'" **Id.** at 402, *quoting* **Commonwealth v. Hall**, 872 A.2d 1177, 1182 (Pa. 2005).
>
> Although [Ransome] here arguably has raised his claim of ineffective assistance of PCRA counsel at the first opportunity, it is fatally undeveloped. Considering the extreme brevity of the argument, his allegation hardly even rises to the level of a "boilerplate assertion" of PCRA counsel's ineffectiveness (which itself would be insufficient to state a claim for relief under **Bradley**). [**See**] Appellant's [Brief] at 8. [Ransome's] PCRA appeal attorney fails to present any argument as to the merits of his claim beyond [his] two sentence pronouncement [which is merely a recitation of the second question of his statement of questions involved]. [Ransome] does not plead or offer to prove any of the prongs necessary to establish ineffective assistance.

Commonwealth's Brief at 11-12. Ransome also does not elaborate in any way on his bald claim that PCRA counsel failed to consult with him or investigate the unidentified claims of trial counsel ineffectiveness, nor does he cite any

- 8 -

case law in support of the claim. The claim is waived. **See Rahman**, 75 A.3d at 504.

Even though Ransome's claim regarding the **Finley** letter is waived, we add that we also agree with the Commonwealth that PCRA counsel did comply with the requirements of **Turner** and **Finley**. Again, we turn to the Commonwealth's explanation:

> PCRA Counsel complied with the requirements of [**Turner** and **Finley**]. Before PCRA counsel may be permitted by the court to withdraw, he must file a "no merit" letter: (1) detailing the nature and extent of the review; (2) listing each issue the petitioner wished to have review[ed]; and (3) explaining why the petitioner's issues were meritless. PCRA counsel must also send the petitioner: (1) a copy of the "no merit" letter; (2) a copy of counsel's petition to withdraw from representation; and (3) a statement advising the petitioner of the right to proceed *pro se* or by new counsel. …
>
> Here, PCRA counsel's **Finley** letter stated that he read the *pro se* Petition, the Superior Court Opinion, [the PCRA court's] Opinion … and the entire trial. Counsel stated that he considered all of [Ransome's] claims and conducted his own review of the case. Counsel also wrote [Ransome] seeking input on his petition['s] claims but never received a response.
>
> Counsel concluded that [Ransome's] claims lacked merit. Counsel noted that two of [Ransome's] 10 claims were so general and boilerplate that he could not address the claims. He then proceeded to go through each of [Ransome's] remaining 8 claims, explaining that they were generally boilerplate, stated no facts to support the allegations, included no citations to the record or supporting case law, and could not establish prejudice. PCRA counsel also included the letter he sent [Ransome] explaining that [Ransome's] claims were meritless, that he had filed a **Finley** letter with the court (a copy of which he included), and advised him that should the PCRA court agree with his conclusions and dismiss the case, [Ransome] could appeal the decision *pro se* or with private counsel.

Commonwealth's Brief at 12-13 (citations and quotation marks omitted; original second paragraph divided into two paragraphs).

As noted above, the PCRA court dismissed the PCRA petition and after Ransome filed a *pro se* notice of appeal, he was appointed counsel for purposes of appeal. Although appointed counsel now raises four claims for our consideration on appeal, all of those claims, as discussed above, are waived because they are not sufficiently developed. It cannot be the job of this Court to act as an appellant's advocate in such circumstances. ***See Commonwealth v. B.D.G.***, 959 A.2d 362, 371 (Pa. Super. 2008) (stating that when an appellant's brief fails to provide an argument as to each question as required by the Rules of Appellate Procedure, it is not this Court's obligation to develop the argument for the appellant as it "places the Court in the conflicting roles of advocate and neutral arbiter.").

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/29/2023